*Chittenden,*
*December,*
*1825.*

ISAAC GLEASON *vs.* HANNAH LILLIE.—*IN ERROR.*

In case of joint executors or administrators, the authority of each is entire and competent to the discharge of debts due the estate.

Where one of two joint administrators has discharged a debt or claim due the estate, in consideration of a new promise or undertaking of the debtor, the other joint administrator is not competent to discharge the new promise; for, it is the private right of the party to whom it was made.

HANNAH LILLIE, and one Zebina Lillie, administrators of Benjamin Lillie, deceased, had brought two actions of Trover, the one against the plaintiff in error, and the other against one Arzah C. Dean, for sundry articles, the property of the said Benjamin in his life time. The property sought to be recovered in those actions was afterwards returned, or otherwise accounted for, to Hannah Lillie; and she agreed to discontinue those actions, which was accordingly done. Hannah Lillie contended, that, on the occasion of that settlement, which was on the 22d day of October, 1820, and in consideration of the agreement to discontinue those actions, the plaintiff in error agreed, and promised to pay to her, the amount of the costs which had accrued thereon: and it was upon this special promise that the action below was brought by her. On the trial below, she introduced evidence tending to prove her delaration, but the plaintiff in error there contended, that no bargain was completed on the 22d day of October, 1820; that no bargain was made with the said Hannah alone; and that if any bargain was made, it was either with the said Hannah and Zebina, or the said Zebina alone. As evidence of this, the defendant read the following receipts :

*Richmond, 23d Oct.* 1820.

This may certify, that I have received payment in full of Isaac Gleason, for the following property, which was attached as Benjamin Lillie's, viz. 42 bushels of corn, two hogs, and five bushels of oats, all valued at $50 ; and whereas, we have commenced a suit *vs.* said Gleason, for the above property, and agree to discontinue the suit *vs.* him, in consideration of the above.

       (Signed)       ZEBINA and HANNAH LILLIE,
                                 *Administrators.*

*Richmond, Oct.* 23, 1820. This may certify, that I have received payment in full of Arzah C. Dean, for two horses, attached as the property of Benjamin Lillie, valued at eighty dollars ; and whereas, we have commenced a suit *vs.* the said Arzah C. Dean, for the said horses, as administrators on the estate of the said Benjamin Lillie, and we now agree to discontinue the suit *vs.* him, in consideration of the above.

                       ZEBINA LILLIE, *Administrator.*
                       HANNAH LILLIE, *Administratrix.*

And offered other testimony tending to show, that on the said 23d October, 1820, it was agreed, that the suits should be discontinued, and that the said Isaac should pay to the said Zebina

*Chittenden,*
December,
1825.

Gleason
*vs.*
Lillie.

the cost in the actions of trover, in the following manner, to wit : a quantity of pork, amounting to ten or eleven dollars, down; and the remainder of it in the balance of a note in favour of the said Isaac, against the said Zebina. It appeared in evidence, that the said Zebina had received the said pork, and that an indorsement had been made upon the said Zebina's note, in lieu of a part of the property mentioned in the actions of trover.

He also offered to prove the confessions of the said Zebina, that the balance of the cost had been paid to him to his satisfaction : to which the plaintiff objected, and the Court rejected the testimony.

It also appeared in evidence, that the above receipts were executed by Zebina Lillie; whereupon the jury returned a verdict, and the said Court rendered judgment thereon, that the said Hannah recover of the said Isaac, the sum of $38,94 damages, and her cost.

A bill of exceptions being tendered, and allowed by the Court, this writ of error was brought to reverse the said judgment, and the following errors were assigned : 1st. The common error. 2d. It appears that the said Isaac offered in testimony the confessions of the said Zebina Lillie, that the said bills of cost had been paid to him, to his satisfaction, and that the said County Court refused to suffer the evidence to go to the jury.

*Adams*, for the plaintiff in error. The defendant in error brought her suit against the plaintiff in error, to recover the cost of two actions of trover, in the name of Hannah and Zebina Lillie, administrators of Benjamin Lillie, one *vs.* Gleason, and the other *vs.* one Dean, contending that Gleason, on the 22d October, 1820, promised to pay it to her, and introduced evidence tending to show it. Gleason contended, that no bargain was concluded, until the 23d of October, and was then concluded with Zebina Lillie; that he returned the property, paid him the cost, and took his discharges of said suits, and offered evidence to prove it; but the Court rejected the testimony.

Gleason now contends, that the County Court erred in excluding this testimony. The testimony offered was pertinent to rebut the testimony which had been offered by Hannah Lillie.

Zebina Lillie, being administrator with Hannah Lillie, had the same authority to control said actions as Hannah Lillie, and to receive the cost.

Payment to one of two administrators is sufficient, and they must make the dividend between them.

A discharge by one of two administrators has the same legal effect, as if executed by both.

If Gleason had, on the 22d October, agreed with Hannah Lillie to pay the cost, this agreement was not binding, as the suits were not then discharged, and no consideration passed for said agreement of Gleason.

But the parties had the right the next day to waive the bargain, and make a new one; and Zebina Lillie had the same right to contract with Gleason, and discharge the suits, as Hannah Lillie had.

*Maeck, contra.* Two questions are presented for the decision of the Court. First, was the contract stated in the declaration, a valid and subsisting one? Secondly, did the Court below, at the trial of the issue between the parties, improperly reject testimony?

The first point is too clear to admit of a doubt. It is a well settled principle of law, that where there are two or more executors, or two or more administrators, either of them are invested with full powers to release debts due the estate. The agreement then made between Hannah Lillie and Gleason, the moment it was made, operated as a full discharge of Gleason's debt. Whatever consideration there was moved from Hannah Lillie to Gleason, and if there was any liability, so as to make the representatives of the intestate liable in their individual capacity, it must fall upon her alone. That a liability did fall upon her, is very clear. If an executor releases debts, it shall charge him to the full value of the debt, though he did not receive near so much. If he releases a cause of action accruing to him as executor, it shall be a *devastavit.* (*Cro. Eliz.* 43.) So if he sue a person by trover and conversion, and settle the action —3 *Bac. Abr.* 79.

If a *devastavit* was committed, Zebina Lillie could not be made answerable.—*Cro. Eliz.* 318.

If the liability falls upon her alone, why not likewise the whole benefit of the contract. It was proved at the trial, that the Judge of Probate had assigned to her, as dower, the whole of the property in dispute; that the two suits of trover were prosecuted for her benefit, and that Zebina Lillie wholly refused to interfere in the settlement.

As to the right of Hannah Lillie to maintain the action : in the present case, by the agreement entered into between Mrs. Lillie and Gleason, the original cause of action was merged. The property, Gleason had got into his possession. It was no longer the goods, chattels, rights, or credit of Benjamin Lillie. The right of action which they once had as Benjamin Lillie's representatives, is merged in another contract; and the jury have said by their verdict, that the contract was made with Hannah Lillie. Upon this point it is conceived, that doubting is at an end. The declaration states the contract to be made with Hannah Lillie alone. The jury have established it by their verdict; no presumption can be admitted to the contrary. After verdict, the Court will presume every thing to be right, unless the contrary appear on record. (1 *Wilson,* 255.) After verdict, every *assumpsit* is to be taken as express. (1 *Cranch,* 341.) A case defectively or inaccurately stated, is cured by verdict. (2 *Douglas,* 683.) After verdict, every thing is to be presumed,

that is stated in the declaration, or implied from the facts.—2 *Douglas*, 682. note.

Chittenden,
December,
1825.

Gleason
vs.
Lillie.

However much, then, Gleason might contend, that he made no contract with Hannah Lillie alone, it is conceived that point is put to rest by the jury; and the Court will not judge over the heads of the jury. If any Court could have set aside the verdict of the jury, on the ground that it was contrary to evidence, it was the Court below. It is no ground of error, that the Court below refused a new trial, moved for on the ground that the verdict was contrary to evidence. (5 *Cranch*, 187.) The receipts contained in the bill of exceptions to show, that the bargain was made with Zebina alone, or with Zebina and Hannah, jointly, are no evidence of the fact. It was proved at the trial, that Zebina was the agent of Hannah Lillie, to receive the property only. All the plaintiff below contended for, was the costs she had been put to in prosecuting the actions of trover. As the property was set to her by the judge, it was money that must come out of her pocket.

As to the second point, that the Court improperly rejected the testimony.

The testimony rejected in the present case, was the confessions of Zebina Lillie, that the balance of the costs had been paid to him. All evidence, it is conceived, must be taken under the sanction of an oath, unless it be the admission of the party to a suit. Zebina Lillie, in the present suit, was neither plaintiff nor defendant. He stood wholly indifferent, and might have been examined as a witness. To admit his confessions, would be admitting hearsay testimony. The defendant offered testimony to show, that the pork was received in part payment of the costs; but the jury decided, either that the testimony was false, or, that if there was any payment made, it was made in fraud of the contract with Hannah Lillie.

An admission of a party in interest, if not joined in the suit, cannot be given in evidence.—*Kirby*, 62, 174, 203.

The opinion of the Court was delivered by

Royce, J. This writ of error is brought to revise the decision of the County Court, in rejecting evidence of the confessions of Zebina Lillie, made after the alledged contract between the plaintiff and defendant, and offered for the purpose of defeating the action instituted by the plaintiff below, to enforce that contract. It must be remembered, that the parties below were at issue upon three questions: whether the promise declared on had been made by the defendant below; whether it was a valid promise, and whether it was still subsisting? And it must, therefore, appear, that the evidence offered had a legal tendency to affect some one of these questions, or it was rightly rejected. The confession of Zebina Lillie, that the costs had been paid to him, could have no tendency to prove or disprove the fact, that the defendant below had promised to pay them to Hannah Lillie. It had as little relation to the question whether that promise was valid and binding upon the parties to it. The

Chittenden,
December,
1825.

Gleason
vs.
Lillie.

only inquiry, then, is, whether such confession was proper evidence to show the promise to Hannah Lillie performed ; so that it was no longer a subsisting cause of action in her favour ?  To answer this question in the affirmative, is to advance two other propositions, which are contained in the affirmation: first, that the confession was, in this case, legal evidence of the fact, that the costs had been paid to Zebina Lillie ; and, secondly, that such payment would be a legal performance and satisfaction of the promise made to Hannah Lillie.   Whether these positions can be supported, depends upon the relation in which Zebina Lillie stood to the subject matter of the suit below, at the time his confessions are supposed to have been made.  He was joint administrator with Hannah Lillie, upon the estate of Benjamin Lillie, and as such had been a joint plaintiff with her, in the two actions in which the costs had accrued ; and, in that capacity, had been jointly interested with her in the causes of action, and in the costs.  This interest of his, however, being only that of a joint administrator, the act of Hannah Lillie was competent to defeat ; for the authority of each executor or administrator is entire, and the act of one is equally effectual as the joint act of all.   In her declaration below, she alledges, that, in consideration that those actions of trover should be discontinued, the defendant below promised her to restore to her the property for which they were brought, and to pay her the costs in those suits.   And she alleges a performance of the consideration on her part, by having caused the suits to be discontinued.   After verdict, we must suppose this declaration to have been sufficiently proved, in all its parts.   Hence the receipts of Zebina Lillie, with the other evidence set forth in the bill of exceptions, can have no effect here, since they only constitute evidence affecting the truth of the declaration which the verdict has established.   This contract between Hannah Lillie and the defendant below, (especially when executed on her part,) as between him and the estate of Benjamin Lillie, extinguished the suits, with all their consequences.  They were merged in his promise to her, in her private and individual right.  For the legal interest in a contract is limited by the contract itself, and exists only among the parties to it.   The consequence is, that when Zebina Lillie's confessions were made, he had no interest in the subject to which they related; and, of course, his confessions were no legal evidence that the costs had, in fact, been paid to him ; and that no payment to him, unless by the express or implied direction of Hannah Lillie, could have any operation on her right of recovery, upon the promise set forth in her declaration.

Judgment, that there is no error in the record complained of, and the judgment below is affirmed.

*Charles Adams*, attorney for plaintiff in error.
*Jacob Maeck*, attorney for defendant in error.