CLEVELAND, et al. Ex'rs. *v*. CHANDLER.

1. An agreement by the plaintiff to accept a plea, presenting abatable matter, as a plea in abatement, after pleas in bar are filed, is a waiver of all objections as to matters of form.

2. A demurrer cannot reach the order of pleading; and where a plea in bar and in abatement are pleaded together, the proper rule is to move to strike out the latter, or treat it as a nullity; a replication would be an admission that it was regularly filed.

3. Executors here, are not entitled to exercise any power as such, other than collecting, and taking care of the estate, until they have given bond, and taken the oath prescribed.

Cleveland, A. Carson, sen and H. Brantly, as executors of David Carson, dec'd, brought an action of debt, in the Circuit court of Dallas county, against Chandler, founded upon a promissory note, executed by him to the plaintiffs' testator.— To the declaration, the defendant filed four pleas in bar, and, in the fifth place, pleaded, "that Adam Carson, sen. and Har-

ris Brantly, two of the plaintiffs, had never taken upon them-selves the execution of the will of the said David Carson," which was received as a plea, in abatement.　Issues were taken upon all but the last, to which the plaintiffs replied, "that Adam Carson, sen. and Harris Brantly, were named together with the other plaintiff, as executors, though they had not qualified, by giving bond and taking out letters."　To this replication, the defendant demurred, generally, and the demurrer was sustained.　The sustaining of the demurrer, by the Circuit court, is here assigned as error.

PICKENS & CALHOUN, for the plaintiffs in error, relied not only on the ground, that all those named in the note, must join, but on the further ground, that a defendant cannot be admitted to plead several pleas of different grades.　He cannot plead the general issue, and in abatement also.　They cited, 1 Chitty's Pleading, 13; 1 Saunders, 426, note; 2 Saunders, 209 and 212; Toller, on Executors, 351, 445 and 446; 1 Comyn's Digest Abatement E. 13; 3 Bacon's Abridgment, 13.

H. G. PERRY, for the defendant in error.

By JUDGE COLLIER.　The agreement of the plaintiff, to accept the fifth plea of the defendant, as a plea in abatement, is a waiver of all obligations as to matters of form.　It was competent for the plaintiff to have declined noticing the plea, on the ground that it contained abatable matter, and that pleas in bar had already been pleaded.　The law has prescribed the order which the defendant must observe in pleading; and if matters, posterior, in the order of time, are pleaded, those which are prior, are tacidly waived.　Pleas in abatement must come in, if at all, before pleas in bar; and, if both are pleaded together, the latter supersede the former, without the action of the court upon the question.　Such would have been the course of the law, uncontrolled by the agreement of the parties, or by the manner in which the plaintiff may treat the defendant's pleas, either of which may prevent its operation.—In this case, there is no agreement upon the point : the plaintiff has, however, replied, and must be understood to accept the plea, as if pleaded in the proper order; and this inference is the more rational, as the judgment, if in favor of the plaintiff, would have been final.　The demurrer cannot reach the order of pleading, by the defendant; the correct course, if a plea in abatement and in bar be pleaded together, is to move to

JAN'Y 1831
Cleveland
et al. Ex'rs.
v.
Chandler.

strike out the former, or treat it as a nullity. I will not say, <sub>JAN'Y 1831</sub> that a demurrer would not be sustained, if taken by the plaintiff, to the defendant's plea ; but, when the plaintiff replies, he Cleveland impliedly admits that the plea is regularly filed, and cannot <sup>et al., Ex'rs</sup> have the benefit of the defendant's demurrer, farther than to <sub>v.</sub> question the legal merits of his plea.

It remains, now, to consider the sufficiency of the plaintiff's replication. At common law, the executor derived the authority to administer his testator's estate, from the will, exclusively, probate was required that its genuineness might be ascertained, and its registration was intended as evidence to the world of who was the executor. It would, therefore, follow, that, as all persons, named as executors in the will, derive a joint interest, they should join in the prosecution of actions, in regard to the estate. And no injury could result from such requisition, since no bond, or other indemnity was required, for the correct administration of the estate. In this country, the case is very dissimilar : an executor, here, before he obtains letters testamentory, (which is his authority to execute the directions of the will) is required to enter into bond, with sufficient security, conditioned for the performance of all the duties, which may, by law, be required of him, as such.*a*   *a*Act 14th
By the same act; executors are required, before letters testa-June,1821, mentary issue, to take an oath to perform their duties, as such; Sec. 13 ;— and may, at pleasure, resign their authority.*b*   From thence, Laws of A-lab. 195. it is obvious, that executors here, derive not their authority en- *b*Sec. 12 tirely from the will; and, that they are not entitled to exer-and 15. cise any power, as such, until they have given bond, and taken the oath prescribed ; and, if they assume to act as executors, until these shall have been done—other than in the collection, and in taking care of the testator's estate—they act in their own wrong.

In Frask v. Donoughue,*c* the Supreme court of Vermont *c*l Aik.370 decided, none can act as joint-executors, but such as give bond, —cited fm 5 Am.Dig. under the statute. I have not taken occasion to examine the 271. act of Vermont, with a view to ascertain its similarity with the provisions of our act, but suppose it to be substantially the same.

What object had the legislature in view, in requiring an executor to give bond and security ? It was, doubtless, to provide an indemnity for the payment of the debts and legacies. To permit an executor, who has not complied with this requirement, to join in the prosecution of suits, would be to afford an opportunity, by which that object would be thwarted,

and frequently frustrated. If all must join in actions, in relation to the testator's estate, then each would be competent to receive money or property, sued for, and give a discharge, which would be binding on all.[a] This, surely, is not allowable, by our law. There is, then, no error, in sustaining the demurrer, and the judgment must be affirmed: and, of this opinion, is a majority of the court.

Judgment affirmed.

*Margin notes:*

jan'y 1831

[a]1Aik. 28
—cited fm
5 Am.Dig.
271.