Williams & Ivey, ex'ors, *vs.* Sims et al.

WILLIAMS & IVEY, ex'ors, *vs.* SIMS et al.

1. Several joint executors were, at common law, considered as but one person.

2. At common law, all the executors named in a will, were required to join in prosecuting suits, and in actions against executors, *might* be made defendants—but in the last case, all. who proved the will were required to be joined.

3. [The non-amenability of a co-executor to the jurisdiction of an English court, affords no legal excuse for the omission to join him as a party defendant, if he be living, and has taken upon himself to execute the will.]

4. [In England, service of a writ may be perfected on an absent co-defendant, by process of outlawry.]

5. [But the American cases do not support the English rule.]

6. The statutes of this State, relating to joint obligors, do not embrace joint-executors; and are defective, in not providing a mode of proceeding, where a co-executor resides without the State.

7. The non-residence of a co-executor, is sufficient to relieve the plaintiff from the necessity of joining him in an action with his co-executors.

Error to Pickens Circuit court.

Assumpsit against executors, tried by *Martin*, J.

The defendants in error sued the plaintiffs, as the executors of Thomas Ivey, deceased, in the Circuit court of Pickens, on a promissory note, made by their testator and another.

The plaintiffs in error pleaded in abatement, that James Cavat, together with them, were appointed by their testator, executors of his last will and testament; and that afterwards, on the thirty-first day of October, eighteen hundred and thirty-six, the plaintiffs, and Cavat, who is still living, duly proved their testator's will, and took upon themselves the burthen of its administration. And fully to prove that they, with Cavat, are joint-executors, the plaintiffs, in their plea, made *profert* of the letters testamentary, &c.

The defendants in error replied, that James Cavat, who was alleged in the plea to be a co-executor with the plaintiffs, was, at the commencement of the action, and still continued to be, a resident of the State of Mississippi, without the jurisdiction of the court, &c. To this replication there was a demurrer, which being overruled, and plaintiffs in error declining to join issue, a judgment was rendered against them for the amount of the note, with interest.

*Phelan,* for plaintiff in error.

*Porter*, contra.

*Phelan*, for plaintiff in error, insisted that the non-joinder of Cavat was pleadable in abatement—(1 Chitty's

Williams & Ivey, ex'ors, *vs.* Sims et al.

Pl. 41, 42; ibid. 392; 6 Term Rep. 327; Toller, 471; Gould's Pl. ch. 4, sec. 73; 2 Nott & McCord, 70; 1 Haywood, 216.)

The replication to the plea was bad ;—it did not admit or deny the plea, (1 Chitty's Pl. 541,) nor conclude with a verification, though introducing new matter—(1 Chit. 541; Gould, 168.) The non-residence of a co-executor is not matter in avoidance. All co-executors are but one person in law, (Toller, 37,) and must be sued, and the action cannot be discontinued, as to those not served until after *alias* and *pluries*—(Minor's R. 77.) Where nonjoinder is pleaded, plaintiff must commence fresh action —(1 Chitty's Pl. 402.)

COLLIER, C. J.—The questions for our decision, are presented by the pleadings, and are—

1. Was it incumbent on the defendants in error, to join all who had qualified as executors? or,

2. Did the non-residence of Cavat relieve them from the necessity of joining him as a party to the action, with his co-executors?

1. If a man appoint several persons his executors, and dies, at common law, they were esteemed as but one person, in representing the testator—(Wheeler et al. vs. Wheeler, 9 Cow. R. 34;) and where there were several executors named in the will, all must have joined in the prosecution of an action, as the representatives of their testator—(2 Williams on Ex'ors, 1147.) Thus, in Bodle. vs. Hulse, (5 Wend. R. 313,) it was held, that an action at the suit of one styling himself *an acting executor*, could not be maintained, as it appeared there were others,

though they did not act. In such a case, the court say, the correct practice, where one renounces the executorship, is to prosecute the action in the name of all the executors named in the will, if living, and on summons to those who will not join, there will be judgment of severance, and then those who have taken upon themselves to act, may proceed in their own names—(Wentw. Off. Ex. 212; 14 edition, 212, 225; 2 Williams on Ex. 1188, note s.) The law, in this respect, has been modified by the operation of our statutes, in regard to the qualification of executors.

The precise question came before this court, in Cleveland et al. ex'ors, vs. Chandler, (3 Stew. Rep. 489.) The court say, that "at common law, the executor derived the authority to administer the testator's estate, from the will exclusively; probate was required, that its genuineness might be ascertained, and its registration was intended as evidence to the world of who was executor. It would therefore follow, that as all persons named as executors in the will derived a joint interest, they should join in the prosecution of actions in regard to the estate."

The court then briefly considers our statutes in regard to the probate of wills, &c., and conclude: "From thence it is obvious, that executors here derive not their authority entirely from the will; and that they are not entitled to exercise any power as such, until they have given bond, and taken the oath prescribed."

Thus, we discover that several joint executors, are to be considered as but one person in law. At common law, all who were appointed by the will, were considered as executors, for the purpose of prosecuting suits,

Williams & Ivey, ex'ors, *vs.* Sims et al.

while under the influence of our statutes, those alone are esteemed as such, who are qualified according to the requirements.

According to the English common law, it is regarded as settled, that in actions against executors, all who are named as such in the will, whether they have proved or not, may be made defendants—but if they have proved the will, they must be joined—(Lev. Rep. 161; 2 Saund. P. & E. 505.) The plea of the plaintiffs in error, strictly conforms to the authorities and course of practice prevailing in *England;* it contains the two allegations deemed essential *there,* viz., that the co-executor not sued, *has administered, and is still alive*—(2 Williams on Ex. 1188, 1189.) This brings us to consider the remaining question.

2. Now, it will follow, from what we have said, that the non-amenability of a co-executor to the jurisdiction of an English court, affords no legal excuse for the omission to join him as a party defendant to an action; if he be living, and has taken upon himself to execute the will. There, the law authorises the plaintiff, (though he may be unable to effect the personal service of a writ, by means of what is there called *process of outlawry,*) to prosecute his suit to judgment. Our laws, in this respect, (as it regards executors and administrators,) are defective, in not providing a mode of proceeding, where a co-executor resides without the State, since it is clear, that our statutes relating to joint obligors, &c. do not embrace joint-executors, who conjointly represent the interests committed to them by the will. And the question now presented for our consideration is, Does the American

decisions sustain the English rule, and should we not, in view of the deficiency of our laws, be inclined to depart from it.

A most industrious examination has enabled us to find two, and but two, cases, in which the point came directly in judgment. The first is the case of Tappan vs. Bruen, (5 Mass. R. 195,) in which Mr. Chief Justice Parsons remarked, it had been the immemorial practice, in the service of a writ sued on contract, against two or more defendants, if some of the defendants are without the jurisdiction of the commonwealth, so that they could not be arrested, or have no place of abode within the same, at which a summons might be left to cause the writ to be served on the defendants within the State, and to proceed only against them for the breach of the contract by all the defendants; and if the plaintiff recover judgment, it is entered against the defendants only who were served with process. This practice has been found convenient; and no injustice is done, because, if judgment had been recovered against all the joint debtors, the plaintiff might have satisfied it out of the defendants against whom it is in fact recovered. The practice had its origin in necessity, as the law of Massachusetts provided no mode of service upon a debtor without the State, who has no place of abode or property within it. And the court say further, that it has been extended to actions against executors or administrators living in different States, as the judgment is against the estate of the deceased.

The other case is Beach vs. Baldwin, (9 Conn. R. 437.) In this case, the defendant pleaded, that the testator ap-

Williams & Ivey, ex'ors, vs. Sims et al.

pointed three other persons, together with the plaintiff,. his executors, who proved the will and accepted the trust; and are still living. The court held, that the plea was not good, because it did not show *where the co-execu-. tors resided;* and because it did not allege that they were such, at the time when the suit was commenced. The court remarked further, that the jurisdiction of the courts in Connecticut, depends on the residence of the parties: the principle of the common law in that State, therefore, was, that this fact must be shewn in the plea, however the forms might be. If the non-residence of an executor should excuse the omission to join him as a plaintiff, much more should it dispense with the necessity of making him a co-defendant. The cases cited, we think, furnish ample authority for us to sustain the judgment of the Circuit court.

The fact, that process issued against but two of the executors, can make no difference. There is no authority for discontinuing as to the executor not served, which would not warrant the omission to proceed against him in the first instance. In fact, such a distinction would not harmonise with the analogies of our statutory regulations, in respect to suits against joint obligors, &c.

In every view in which this case has presented itself to us, we think the rule, as modified in Massachusetts and Connecticut, far better calculated to promote the ends of justice, than the rule which prevails in England; and hence, we are disposed to depart from the latter, and recognise the former. The consequence is, that the judgment of the Circuit court is affirmed.