## MARTIN vs. NALL.

1. When judgment is rendered against two joint executors on a bond executed by their testator as surety for another, and one of the executors pays off this judgment, an action against the principal obligor, for the recovery of the money so paid, can only be maintained in the joint names of the two executors suing in their representative character.

ERROR to the Circuit Court of Autauga.
Tried before the Hon. A. B. MOORE.

ASSUMPSIT by Stephen H. Martin, executor of Josee Dunn, deceased, against William E. Nall. The declaration contains three counts. The first count alleges that defendant was indebted to plaintiff for money paid, laid out and expended by plaintiff, to and for defendant, and at his special instance and request. The second alleges, that defendant was indebted to plaintiff, &c., for the work and labor, care and diligence of plaintiff, done and performed about defendant's business, and at his special instance and request. The third count is for money loaned and advanced. Defendant pleaded, non assumpsit; payment; set-off; and accord and satisfaction.

From the bill of exceptions it appears, that said Josee Dunn was the surety of defendant on a guardian's bond; that said Dunn departed this life, and letters testamentary on his estate were granted at different times by the Court of Ordinary of Monroe county, Georgia, to said Stephen H. Martin and Obedience Dunn; that two judgments were recovered in said county of Monroe against said executors, on said guardian's bond, which judgments were paid by the plaintiff. The attorney to whom the payments were made, stated, that he received the payments from plaintiff as executor, and the receipts given were in this form: "Received of Stephen H.

Martin, executor of Josee Dunn, $——, on the within judgment." There was no proof as to the fund out of which the money was paid.

The court charged the jury: "That, if Martin paid the money as executor, it must be presumed that he paid it with the money or funds of the estate, unless the contrary is shown; and that if Martin paid said judgment with the funds of the estate, to recover that money, it is necessary for both executors to join in the action; and for money so paid, if Mrs. Dunn is a co-executrix, and not joined in the action, plaintiff cannot recover;" to which charge plaintiff excepted.

The plaintiff then moved the court to charge the jury: "That, if judgments were obtained against Mrs. Dunn and said Martin, executors, and Martin paid the money, and took to him receipts describing himself as executor, that did not create such presumption that it was paid with the funds of the estate, as to render it necessary to join his co-executrix, in an action for its recovery; which charge the court refused to give, and plaintiff excepted."

The plaintiff then took a non-suit under the statute, and now assigns for error the charge given and the refusal to charge as requested.

F. Bugbee, for plaintiff in error:

The suit is brought by Martin in his individual name, and not as executor. The word "executor," where used in the pleadings, is mere surplusage. Riddle v. Wilkins, 1 Peters 686; 5 East 150. When the cause of action arose after the death of the testator, it is not necessary that the executor should sue in his representative character. 2 Lomax on Executors, 371; 3 Greenl. 250; 3 Doug. 34.

Martin paid the whole judgment, either out of his own funds, or the funds of the estate; if the former, he ought to be allowed to reimburse himself; and if the latter, he alone is responsible for those assets. A co-executor or administrator is chargeable only with the assets that come to his own hands, and not for those in the hands of his companion; and each one is alone answerable for the truth or goodness of his own plea. Douglass v. Satterlee, 11 Johns. 16; 3 Bibb 97; 4 Dess. 92.

*Plene administravit* may be found for one executor, and against another. 1 Chitty. Where one of two joint administrators has discharged a debt due the estate, in consideration of a new promise from the debtor, the other administrator cannot discharge this new promise, for it is the private right of him to whom it was made. 1 Aik. 28; 1 McCord 492.

The transactions out of which this action arose, took place in Georgia, where the courts proceed according to the common law; and according to common law, the plaintiff has a good cause of action. 1 M. & M. 362; Sel. N. P., part 2, 700; 3 B. & A. 360; 2 Bing. 177; 1 C. & P. 302; 1 Term R. 599.

N. HARRIS, *contra:*

1. If there are several executors, all must join in bringing suits. 8 Porter 581; 1 Ala. 334; 2 Stew. & P. 449; 5 Wend. 313; 4 Bacon's Abr. 41.

2. The judgment paid by plaintiff was recovered against him as executor, and paid by him as executor; and if recovered by him from the defendant, it would be assets in his hands. 2 Stew. & P. 449; 3 B. & A. 360; 5 Serg. & L. 316.

3. In law, all the executors make but one person; and all payments made by one, must be presumed to be paid out of the assets, and for all. 1 Chitty's Pl. 8.

GOLDTHWAITE, J.—The cases which hold that an executor may sue in his own right, where the cause of action arises after the death of the testator, proceed upon the principle, that he is invested with the legal title to the assets. Hence, if he loans the money of the estate, he can recover in his individual capacity; for the legal title being in him, the legal interest in the contract results to him. So, also, where money belonging to the estate of the testator is received after his death, the executor may declare on the implied assumpsit, for money had and received to his use: Foxwist v. Tremaine, 2 Saund. 208; Smith v. Barrow, 2 Term R. 477; and if one of the executors should make the loan, his co-executor would not be responsible, (Douglass v. Satterlee, 11 Johns. 16;) and he might therefore sue in his own name to recover it, without joining his co-executor, (Brassington v. Ault, 2 Bing. 177;) and it could make no difference whether it was upon an express or implied contract.

But where the act which originates the action can only be done by the executor in his representative capacity, we do not see how he can sue in his own right; how he can maintain a suit as an individual, upon a payment which, if made by him in that capacity, would confer no right of action. This is in effect the reasoning of Lord Ellenborough, in Ord v. Fenwick, 3 East 104, who, after putting the case of an executrix, suing as such, to recover money paid upon a judgment against her upon the obligation of her testator, on which he was the surety of the defendant, says: "She could not help paying money out of the assets, to the defendant's use, which he was bound to make good; and surely she may sue for it, and properly call herself executrix, in which character alone she could have entitled herself to recover. She could not pay the money out of her own funds, and raise an implied assumpsit against the defendant; nor could she properly declare in any other character." If, therefore, in the present case, the plaintiff sued in his own right, he could not recover upon the evidence stated in the bill of exceptions; and if the action had been brought by him as executor, the objection that the co-executrix did not join, would have been fatal. Williams v. Sims, 8 Porter 579; Bodle v. Hulse, 5 Wend. 313; Webster v. Spencer, 3 B. & A. 60. The charge of the court, although not strictly correct, as it assumes that the action might have been maintained by the executors suing jointly in their own right, yet, as the error could not have been prejudicial to the plaintiff, it furnishes no ground for reversal. The charge requested was properly refused, being in opposition to the views we have indicated.

The judgment is affirmed.