## HUFF, Adm'r, *vs.* DAVISON, Gaurdian.

[DISCONTINUANCE—SERVICE OF PROCESS.]

1. *Discontinuance; what will operate as.*—Where several executors or administrators are sued, service of summons on one is sufficient, and a discontinuance, without cause apparent on the record, as to one, will be a discontinuance of the action.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

The facts are stated in the opinion.

COCHRAN & DAWSON, for appellant.
S. J. CUMMING, *contra.*

B. F. SAFFOLD, J.—The summons and complaint were against three administrators. Service was effected on one, and the other two were not found. The judgment was taken against the one served. This operated as a discontinuance as to those not served. It is claimed by the appellant that there was a discontinuance of the entire action.

Section 2551 of the Revised Code provides, that service of the summons on one of two or more executors or administrators is sufficient for all. All who have qualified are required to be sued, if within the jurisdiction of the court. The judgment must be taken against all who are sued, or a sufficient reason must appear on the record why it is not done. Under the operation of section 2551, there can not arise a case of service on one and not on the others. It has been repeatedly decided by this court, that a discontinuance as to a party served is a discontinuance of the action.—*Caruthers & Kinkle v. Mardis' Adm'rs*, 3 Ala. 599; *Owen v. Brown*, 2 Ala. 126; *Williams & Ivey v. Sims*, 8 Port. 579.

The judgment is reversed and the cause remanded.