## WHARTON *VS.* FRANKS.

1. The statute which requires an endorsement of the cause of action on a writ, introduces no new rule of pleading ; nor does it confine the discretionary powers of the court in relation to pleading—it merely dispenses with the service of a copy of the declaration, which was previously required.

2. After plea to a declaration, it will be presumed that the leave of the court was obtained to amend the endorsement on the writ, conformably to the justice of the case—and to the declaration.

3. The Circuit courts exercise a just discretion in relation to the whole subject matter of pleading, which will not be reviewed.

4. A count, which alleges that money has been laid out for another, without charging *directly* that it was at the instance of defendant—is bad on demurrer.

5. Where a judgment on demurrer is reversed, and the cause remanded—a *respondeas ouster* will be awarded.

Error to the Circuit court of Jefferson.

Debt on judgment—tried by *Chapman,* J.

In this case, the endorsement on the writ stated the cause of action, to be a judgment for one hundred and fifty dollars and sixty-five cents, recovered on a day mentioned by plaintiff, of defendant, in South Carolina. The declaration contained two counts. The first was in the usual form of declarations in debt on foreign judgment, and stated the amount of the judgment to be one hundred and fifty-five dollars and sixty-eight cents. The second count alleged that defendant was indebted to plaintiff in a further sum mentioned—for so much money laid

Wharton *vs.* Franks.

out and expended by plaintiff, for the use and benefit of defendant, and " at his *implied* instance," *&c.*

To the first count of the declaration, defendant craved oyer of the endorsement of the cause of action on the writ, and plead the variance between the said endorsement and the declaration, in abatement; and demurred to the second count.

To the plea of defendant, plaintiff demurred, and joined in the demurrer to the second count.

Defendant also joined in the demurrer of plaintiff to the plea.

Upon this state of the pleadings, it was considered by the court, that plaintiff's demurrer to defendant's plea in abatement be overruled; and that defendant's demurrer to the second count of plaintiff's declaration be sustained —and the plaintiff not asking leave to reply; judgment was entered up for defendant.

The plaintiff now assigned the judgment of the court, on the two several demurrers, as erroneous.

*Baylor*, for plaintiff in error.
*Peck*, contra.

GOLDTHWAITE, J.—The plea in abatement denies, in effect, the legal sufficiency of the first count of the declaration, to charge the defendant, because it does not precisely correspond with the endorsement on the writ. By pleading this matter in avoidance of the action, as instituted, the defendant insists, that he has the right to compel the plaintiff to declare against him for a cause of action previously, and specifically described. It is obvi-

9 P                                30

ous, that if this plea is allowed, it will be idle to talk of
the discretionary power of the courts to allow amend-
ments of the declaration, as without the consent of the
defendant, they can never go beyond the endorsement
of the writ, or permit a mere mistake to be corrected.

The statute which requires the endorsement on the
writ, was not intended to introduce any new rule in re-
lation to the manner of pleading, or to confine the discre-
tionary powers of the courts in relation to them. It
merely dispenses with the service of a copy of the decla-
ration with the writ, which previously to its enactment
was required—(Aik. Dig. 278.) If we consider the en-
dorsement as subject to the same rules which prevailed
before, with regard to declarations, we give complete ef-
fect to this statute, and do no violence to any rule of con-
struction. It cannot be supposed, that it was the inten-
tion of the general assembly, when it dispensed with the
service of the declaration, to introduce a rule which
would be, if as contended for by the defendant below,
infinitely more harsh and oppressive.

No one can doubt the power of the courts previous to
this statute, to permit an amendment conformable to the
justice of the case: if a mistake similar to the one com-
mitted in the endorsement on the writ, had been made
in a declaration, its correction would have been a matter
of course.

As the defendant has pleaded to this declaration, we
would presume, if it was necessary, that the leave of the
court had first been obtained.

The case of Johnson vs. Perry, (4 Stew. & Porter, 49,)
which determines that the omission of an endorsement

on a writ, is fatal, when properly pleaded in abatement —does not touch this question. The omission of a declaration would be fatal, yet no one questions the power of the courts to authorise an amendment. In relation to the whole subject matter of pleadings, the Circuit courts must necessarily exercise a just discretion ; if the declaration does not substantially correspond with the process, they can set it aside on motion, or if for any cause it becomes necessary to amend or substitute other counts, they are invested with the authority so to do, and the exercise of their discretion will not be reviewed.

It is impossible to conceive that the courts will countenance amendments oppressive in their consequences, or refuse those which are necessary to advance the justice of a cause.

The plea in abatement cannot be sustained, and the judgment on demurrer should have been in favor of the plaintiff below.

The second count in the declaration is bad, and the demurrer to it very properly sustained. The objection to it is, that it is an attempt to innovate on settled and well established forms. It is true, that money may be laid out for another, which the law will imply to have been laid out at his instance, but we know of no case in which a declaration has ever been allowed, without charging the legal implication in direct terms. What the circumstances are, from which the legal implication arises, should be stated, and the court can then determine if they are sufficient in law ; but here the plaintiff undertakes to charge the defendant, without a statement or allegation of facts from which a legal implication can arise.

Let the judgment be reversed, and judgment of *respondeas ouster* here entered, and the cause remanded for further proceedings.