## SEXTON v. RONE.

1. A variance between the indorsement on the writ, and the declaration, cannot be pleaded in abatement; but if the plaintiff should declare upon a cause of action, entirely different from the indorsement upon the writ, the Court would on motion, refuse to permit the declaration to be filed.

Error to the Circuit Court of Tuscaloosa.

ASSUMPSIT on a promissory note. Upon the writ is an indorsement, that the action is on a note made by the defendant, to the plaintiff, on the 9th April, 1843, for the payment of ninety dollars on the first January after. The writ was sued out on the 16th August, 1843.

The declaration describes the note as due on the 1st June, 1843.

The defendant craved oyer of the writ, and indorsement, and pleaded in abatement of the writ. And another plea in abatement, likewise craving oyer of the writ, and indorsement, and pleaded in abatement, the variance between the writ and declaration.

The plaintiff demurred to these pleas, and the Court sustained the demurrers, and rendered judgment for the plaintiff, from which this writ is prosecuted, and which is now assigned for error.

MOORE, for plaintiff in error.

MARTIN & HUNTINGTON, contra.

ORMOND, J.—The design of the Legislature, in requiring the cause of action to be stated on the writ, was to apprise the defendant of the matter in controversy, and was intended as a substitute for service of a copy of the declaration previously required. In Wharton v. Franks, 9 Porter, 232, an attempt was made to plead in abatement, a variance between the indorsement on the writ, and the declaration, and this Court held, that the matter could not be pleaded in abatement. It would be perverting the intention of the statute, to entertain such a plea, the design being, not to give the defendant an opportunity of turning the plaintiff out of Court, because of some slight mistake, which had not misled him, but to apprise him of the matter he was to defend.

If, however, the plaintiff should declare for a cause of action entirely different from that indorsed on the writ, the Court would, on motion, refuse to permit the declaration to be filed. But where the defendant has been apprised, by the indorsement on the writ, of the true character of the suit, he cannot be permitted captiously to avail himself of a mistake, which has not misled him, and thereby pervert the statute to a purpose, never contemplated by the Legislature in the passage of the act.

Let the judgment be affirmed.