## THE BANK OF THE STATE OF ALABAMA v. JOHNSON AND JEFFREYS.

1. The plaintiff caused a writ in assumpsit to be issued against the defendants, on which it was indorsed, that the action was brought to recover the amount of a promissory note, for the payment of five hundred dollars, on the 2d May, 1840, and a declaration was filed accordingly. Subsequent-

ly, leave was granted by the court for the plaintiff to file a new declaration; thereupon the plaintiff declared upon a promissory note, made by the defendants on the 18th March, 1840, for the payment of two thousand dollars ninety days thereafter, and also added the common counts. At the succeeding term the new declaration was stricken from the file: *Held*—that it was competent for the court to permit the second declaration to be substituted for the first, and that its repudiation at the succeeding term was unauthorized, and a fatal error.

2. Where the defendant moved to strike out the plaintiff's declaration and the entry recites, "*which motion being granted by the court, the plaintiff is nonsuited*," it cannot be intended that the nonsuit was voluntarily submitted to, but the fair inference is, that it was ordered by the court, either as the judgment upon the motion, or for declining to file a new declaration.

Writ of Error to the Circuit Court of Perry.

THE plaintiff in error caused a writ to be issued against the defendants, in assumpsit, on which the cause of action is indorsed thus: "This action is brought to recover the amount of a promissory note, made by the defendants, payable to the plaintiff, for the sum of five hundred dollars, due 2d May, 1840." At the appearance term, a declaration was filed upon the cause of action as indorsed, and at a term subsequently holden, in the spring of 1845, leave was granted the plaintiff to file a new declaration; subsequently, at the fall term, 1845, the last declaration was stricken from the file. From a bill of exceptions, sealed at the instance of the plaintiff, to the ruling of the court, it appears that the defendants, by their counsel, moved the court to strike "from the papers in the cause, the declaration of the plaintiff, filed at the last term of the court, in the place of the declaration first filed in the cause, because of a variance between the indorsement of the writ and the declaration so filed by leave of the court." Which motion was granted, and the declaration accordingly stricken out. The second declaration described a promissory note, made by the defendants, on the 18th March, 1840, for the payment of the sum of two thousand dollars to the plaintiff, ninety days thereafter; to which were added the common counts.

The judgment entry recited the motion by the defendant, and proceeded thus, which "being granted by the court, the

plaintiff is nonsuited;" and thereupon a judgment was rendered against it for costs.

H. DAVIS, for plaintiff in error.

A. GRAHAM, (of Perry,) for the defendant.

COLLIER, C. J.—In *Ex parte* Ryan, *et al.* at this term, we held, that the act of 1807, not only confers upon a court in which a cause may be pending, power to permit amendments, where there is any thing in the record by which to amend, but it declares that either of the parties may " amend any defect in the process or pleadings upon such conditions as the said courts respectively, shall, in their discretion, and by their rules prescribe." [Clay's Dig. 321, § 50.] It was also added, that this statute should receive a construction not less extensive than its terms import; unless by carrying it thus far, the form of the action were changed, or a cause of action entirely variant from that disclosed by the indorsement on the writ were substituted.

In Sexton v. Rone, 7 Ala. Rep. 829, it was said not to be allowable to plead in abatement a variance between the indorsement on the writ and declaration. " If, however, the plaintiff should declare for a cause of action entirely different from that indorsed on the writ, the court would, on motion refuse to permit the declaration to be filed." In the case first cited, we said, " By a cause of action entirely different," was not meant a difference in the amount or date of a note, or the addition in the declaration of counts not specifically indicated by the writ, though of a kindred character with the cause indorsed. It means what has been already intimated, *a total departure, a radical variance.*

The amended, or second declaration, is not so entirely variant from the first, as authorized the court to strike it out on motion. It was the same as respected the parties, and the form of action—differing merely in the amount of the note, the time when it was payable, and the addition of the common counts.

It has been often held, not only by this, but other appellate courts, that the right to permit amendments within the

limits in which they are allowable, is intrusted to the discretion of the primary court; and that the propriety of its exercise cannot be revised on error. But in the case at bar, it appears that the second declaration *was filed by leave of the court*, at the spring term of 1845; and it must therefore be inferred that it had regularly become a paper in the cause. In this view of the case, the court should not, at the succeeding term, have ordered it to be stricken from the file. As it is unobjectionable in itself, it would even have been a fatal error to sustain a demurrer to it. The permission to substitute a declaration, was the exercise of a discretionary power, its repudiation at the succeeding term was an unauthorized act.

It was argued for the defendants in error, that although this conclusion be well founded, yet the plaintiff voluntarily submitted to a nonsuit, and consequently cannot complain. This argument, we think, is not sustained by the record; the recital is, the defendant's motion "being granted by the court the plaintiff is nonsuited." The fair inference from this is, not that the nonsuit was an act of volition, but that it was either ordered by the court, or that it was the result of the plaintiff's declining to proceed further, upon his declaration being rejected.

We have only to add, that the judgment of the Circuit Court is reversed, and the cause remanded.