## ENGLISH & ENGLISH v. BROWN.

1. When a writ is sued out against two administrators, served on one, and discontinued as to the other, in the declaration, upon the ground of non-residence within the State, it is the same as if the writ had been sued out originally against the resident administrator alone.
2. A judgment against the non resident, jointly with the resident administrator, is amendable on error, at the cost of the plaintiff in error.

Error to the County Court of Monroe.

Assumpsit by the defendant in error. The writ is sued out against the plaintiffs in error, as administrator, and administratrix of Walter R. English, deceased, which was returned by the sheriff executed on Thomas C. English, administrator. The declaration is filed against him alone, and discontinued as to the administratrix, who it is alledged is a non-resident and proceeds to state the liability thus : "For that whereas, the said Walter R. English, in his life time, to wit, on the 21st November, 1837, at, &c., was by his instrument in writing, justly indebted to William Brown, in the sum of sixteen hundred and fifty dollars ; and for that whereas, the said Walter R. English was justly indebted to the said William Brown, by instrument in writing, in the further sum of five hundred dollars, and delivered the said instrument to the said William Brown, and he, the said William Brown, at, &c. for value received, indorsed and delivered the said instrument of writing to plaintiff, whereby

English & English v. Brown.

and by force of the statute, &c. the said English, in his lifetime, and the defendant, as administrator, since the death of the said Walter, became liable to pay the plaintiff the aforesaid sum, with interest thereon, yet neither the said Walter in his lifetime, or the said defendant since his death, have paid, &c. to his damage, &c.

The defendant failing to appear, a judgment by default was rendered against Thomas C. and Catherine A. English, administrator and administratrix of Walter A. English, deceased.

They now prosecute this writ, and assign for error the rendition of judgment against Catherine A. English.

2. In rendering a joint judgment after the discontinuance as to one.

3. In rendering judgment against the plaintiff in error.

BLOUNT, for plaintiff in error. The discontinuance as to Catherine A. English, is a discontinuance of the entire action. The fact of her non-residence could not be contested by her co-administrator. A demurrer would not lie. [2 Wash. C. C. R. 505.]

In order to sustain the judgment, it was necessary to prove a sole liability.

The declaration is variant from the cause of action indorsed upon the writ. The contract set out in the indorsement shows that a demand was necessary before the action could be maintained. He cited 1 Stewart, 395; Cro. Jas. 303; 1 Lord Ray. 602; 1 Washington, 372; 10 Mass. 64; 11 Id. 507; 18 Pick. 417.]

PECK, contra. The judgment is amendable at the costs of the plaintiff in error.

ORMOND, J.—Executors and administrators, where there are several who have qualified as such, constitute but one person, and must, in general, be joined in the writ. When, however, one of them is out of the jurisdiction of the court, and not amenable to its process, he may be omitted out of the writ. [Williams & Ivey v. Sims, 8 Porter, 579; Owen v. Brown, 2 Ala. Rep. 127.]

64

In this case, it appears from the declaration, that Catherine English, the administratrix, is not a resident of this State, and this fact, which the default admits, is a sufficient reason for the discontinuance which is there entered. It is then the same as if she had been omitted from the writ, and the suit had been commenced against the resident administrator alone, which, from the case cited, would have been the correct mode of procedure, the English practice of proceeding against the absent defendant by process of outlawry, never having obtained in this State.

It is the established practice of this court, not to look to the indorsement on the writ, for the purpose of reversing the judgment, and even that a variance between the indorsement on the writ, and the declaration, cannot be pleaded in abatement. [Wharton v. French's, 9 Porter, 232 ; Williamson v. Powell, Ib. 493 ; Stephenson v. Roper, 5 Ala. Rep. 182.] The declaration is certainly exceedingly informal, but we are relieved from the necessity of inquiring whether it shows a cause of action, because its sufficiency is not questioned by any of the assignments of error. The practice of this court, from its earliest history, has been, to disregard a general assignment, which does not specify a particular error.

It remains but to consider the judgment. The judgment entered up against Catherine English, after the suit was discontinued as to her, was such a clerical misprision as could have been amended in the court below, on motion, and will therefore be amended here, at the cost of the plaintiff in error.