# RANDOLPH v. JONES.

1. J., the indorsee, declared against R. as the indorser of a promissory note, dated the 18th May, 1842, and payable on the 1st day of January, 1843, alledging that a suit had been brought thereon against the maker to the first term of the court of the county of his residence, prosecuted to judgment, and a return of " no property found." In the record of the suit against the maker, the indorsement on the writ described the note as payable at the time above stated, the declaration described it as maturing on the 1st day of May, 1843, but in a subsequent part alledged that it was payable on the first of January of that year : *Held*, that the record was admissible to support the allegation in respect to the suit against the maker of the note.

Randolph v. Jones.

Writ of. Error to the Circuit Court of Tuskaloosa.

This was an action of assumpsit, at the suit of the defendant in error, against the plaintiff, as indorser of a promissory note, by which the maker, on the 18th May, 1842, promised to pay to M. W. L., on the first day of January, 1843, four hundred and eighteen dollars and fifty cents. The declaration alledges that a suit was brought by the plaintiff below, to the first term of the court of the county in which the maker resided, to which he was suable ; that a judgment was regularly recovered, and a writ of *fieri facias* thereon issued, and returned " no property found."

The cause was tried upon the *general issue,* and a bill of exceptions sealed at the instance of the defendant, which presents the question whether the record of the suit against the maker of the note was admissible evidence. It is insisted that the declaration in that case describes a note payable at a different time than that on which the defendant is sought to be charged as indorser. In the indorsement on the writ against the maker, the note is described, as in all respects similar to that now declared on, while in the declaration it is described as payable on the first day of May, 1843, and afterwards, alledged to be payable on the first day of January of that year.

The court having admitted the record in evidence, the jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

E. W. Peck and L. Clark, for the plaintiff in error, insisted that the variance between the note declared on, in the present case, and that described in the transcript, was such, that it could not be assumed that they were identical; consequently, the evidence was improperly admitted. The *allegata* and *probata* did not correspond. 3 Ala. Rep. 181-185.

W. Cochran, for the defendant in error. The court will intend that the misdescription in the declaration against the.

maker, was a mere clerical mistake, and did not warrant the rejection of the transcript as evidence. 1 Ala. R. N. S. 205.

COLLIER, C. J.—There can be no question, but it would have been competent for the court in which the suit was brought against the maker of the note to have permitted the declaration to be amended either before or after judgment, so as to make it conform to the truth of the case. The terms of our statutes of amendment are very broad, and have always been liberally expounded; because they are remedial in their character, and intended to secure the administration of justice, upon liberal principles. They prescribe no limitation beyond which the discretion of the court shall not go, and the inquiry in every application to amend, is, whether the legal remedy of the party will be advanced; if his adversary is prejudiced, his interest may be duly protected. [The Bank of the State v. Johnson, and another, 9 Ala. Rep. 367.]

In the record of the suit against the maker, it appears, not only from the indorsement of the writ, but from an allegation in the declaration, that the note in question was payable on first day of January. These are sufficient to indicate the identity of the note there sued on, with that on which the defendant, in the case at bar, is sought to be charged as an indorser—the time when it was made, the amount, and the payee's name all corresponding.

The plaintiff, in his declaration, did not attempt a particular description of the record of the suit and judgment against the maker; but merely alledged, in general terms, that suit had been duly brought, prosecuted to judgment, &c. To satisfy this allegation, the same strictness of proof would not be required as if the question were, whether a note specially declared on, was correctly described. There, in a case of a description *liberatim et verbatim*, a slight variance would be fatal; but if the description was according to the effect of the writing, the variance must be substantial, in order to prejudice the plaintiff. But here, the question is not one of variance, strictly so called, but is, whether the proof supports the averment of a material fact. We have already said it was sufficient, and have but to add, that the judgment of the circuit court is affirmed.