SHORTER, ADM'R, &C., vs. URQUHART, ADM'R, &C.

[TROVER FOR CONVERSION OF SLAVE.]

1. *Waiver of irregularities by failing to object—Clerical misprision.*—If a writ be sued out against two administrators, and the suit discontinued in the declaration as to one, on whom process was not served, on the ground of non-residence, the other defendant, if he appear and defend without objection, cannot avail himself of the irregularity (if any) on error; and the naming of the non-resident administrator, as a defendant, in the margin of the minute entries, is a mere clerical mistake.

2. *Secondary evidence of records.*—In the absence of all evidence showing the jurisdiction of the court of ordinary in Georgia, a transcript from it records, recognizing a person as administrator, is not admissible to show a previous grant of letters to him, although the records of the court are proved to have been destroyed by fire; nor can the grant of administration, which is a judicial fact, be proved by a party's admissions on oath in another case.

3. *Conversion by administrator no cause of action against estate.*—When an administrator is sued in his representative character, for an alleged conversion of a slave by his intestate, proof of his possession and employment of the slave at the commencement of the suit does not authorize a recovery against him, since the estate is not responsible for his acts.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. NAT. COOK.

This action was brought by John A. Urquhart, as administrator of Eli S. Shorter, deceased, against Elizabeth Shorter and George Hargraves, as administratrix and administrator of James H. Shorter, deceased, to recover damages for the conversion of a slave by the defendants' intestate in his life-time; and was commenced in March, 1849. The writ was returned executed on Elizabeth Shorter, and not found as to Hargraves; and the suit was discontinued as to the latter, in the declaration, on the ground that he resided beyond the limits of the State; but his name was still mentioned, as a defendant, in the margin of all the subsequent minute entries. The only plea was the general issue, with leave to give in evidence any special matter of defence; and a trial was had at the September term, 1853.

On the trial, as the bill of exceptions states, the plaintiff proved that his intestate was a resident citizen of the county of Muscogee, in the State of Georgia, at the time of his death, which was in 1836; that he died possessed of a large amount of property, both real and personal, most of which (including the negro now in controversy) was in Georgia, though some of the lands lay in Barbour and Russell counties, Alabama; that James H. Shorter, the defendants' intestate, resided in Columbus, Georgia, at the time of his death, which took place in 1847, and had a plantation in Russell county, Alabama; that said James, in 1845, told his overseer that 'he had a negro, belonging to his uncle Eli (meaning said Eli S. Shorter), whom he would send over', and then sent over to him the slave sued for; that the slave worked on the plantation of said James in 1845, was seen with his other negroes in Russell county after his death, and was in the possession of the defendant at the commencement of the action. He also proved his own appointment as administrator of his intestate, by the orphans' court of Russell county, in January, 1839, " which was the first grant of administration in that county", the value of the slave, &c., and then rested his case.

"For the purpose of showing that the orphans' court of Russell had no jurisdiction to appoint an administrator of

the estate of said Eli S. Shorter, in January, 1839, and that the plaintiff had no right to institute this action, the defendant offered to introduce a transcript, duly authenticated, from the records of the orphans' court of Barbour county, showing that said court, in February, 1838, appointed one Reuben C. Shorter administrator of said Eli; which transcript also showed the revocation by said court, in October, 1838, of its said grant of administration."

" The defendant then offered evidence to the court, showing that the court-house of Muscogee county, Georgia, was destroyed by fire in 1839; that the fire consumed nearly all the records, books, and papers of the different courts of the county, and the whole of those belonging to the court of ordinary; and that said James H. Shorter acted as one of the administrators of said Eli S. Shorter, in Georgia, about the years 1840 and 1841, and up to the time of his death. Upon this state of facts, the defendant's counsel offered to introduce a transcript, duly authenticated, from the records of said court of ordinary; to the introduction of which the plaintiff objected."

In this transcript, the clerk certifies that, having inspected the records of his office touching the administration of the estate of said Eli Shorter, he finds the proceedings which he then copies at length, and which are as follows : 1st, certain proceedings had on the petition of Thomas Preston in January, 1839, to obtain title to a tract of land sold to him by said Eli in his lifetime, in which it is recited that James H. Shorter and Sophia H. Shorter are the administrator and administratrix of said Eli; and, 2dly, an order, made at the January term, 1840, in these words : " Copy of return number one, the original having been destroyed by fire, for the year 1837, and return number two, for the year 1838, made by James H. Shorter, administrator of Eli S. Shorter's estate, having been examined, with all the vouchers, and found correct; it is ordered that the same be received, passed, and admitted to record."

" The defendant then offered in evidence, in connection with the foregoing facts, an affidavit made by the plaintiff in a certain chancery suit instituted by him against the defendant and others, and appended to the bill of complaint therein,

stating the fact to be .true that said James H. Shorter had been appointed administrator of said Eli, previous to 1839, by said court of ordinary of Muscogee county; and offered to read the same, so far only as the affidavit and bill showed these facts. The opposite counsel objected to the introduction thereof, and the court sustained the objection, and ruled the said testimony inadmissible; to which ruling the defendant excepted."

· "The defendant then offered in evidence an affidavit, sworn to by the same plaintiff, and stating the same fact; but the court sustained an objection to it, and ruled it out, and the defendant excepted."

"This was all the evidence on either side. Thereupon the plaintiff moved the court to exclude from the jury the said transcript from the records of the court of ordinary of Muscogee county, Georgia, on the ground that no sufficient predicate had been laid for admitting secondary evidence, or any evidence, of the fact that James H. Shorter was administrator of said Eli in Georgia. The court sustained the objection, and excluded the transcript; and the defendant excepted."

"The court then charged the jury, that the record of the appointment of an administrator on the estate of Eli S. Shorter in Barbour county, as shown in evidence, was no defence to this action; and that if they believed from the evidence that the slave sued for was the property of said Eli Shorter at the time of his death, and that plaintiff had been appointed administrator of his estate in Alabama before the commencement of this suit, and that the defendant, at the commencement of the suit, had the slave in her possession, and at work on her plantation, their verdict should be for the value of the slave."

The defendant excepted to this charge, and requested several others, which it is unnecessary to notice.

The errors assigned are, the rulings of the court on the evidence, the charge given, and the refusal to give the charges asked.

GEO. D. HOOPER, with whom was JAMES E. BELSER, for the appellant, made these points:

1. The cause was discontinued by the omission of the co-

administrator from the declaration; and, if not discontinued, it was erroneous to render judgment, under the issues joined, without any proof of the non-residence of the party as to whom the suit was discontinued.

2. When record evidence of the grant of letters of administration is destroyed, a grant ought to be presumed, upon proof from the records of various courts of the recognition of the administrator, and of his acts in that capacity.—Battles v. Holley, 6 Greenl. 145.

3. The affidavit of the opposite party, in a cause between the same parties, should have been received as secondary evidence. There are no degrees in secondary evidence.— 1 Greenl. Ev. p. 160.

4. The general property in the negro was in the Georgia administrator, if any. There were assets of great value in Georgia, of which the slave was part; and it is to be presumed that the proper court in Georgia would not neglect its duty. We know that Georgia inherited the English system, of which courts of ordinary formed a part.—Tucker v. Harris, 13 Geo. 8.

5. The Alabama administrator had no possession or special property, on which to base his action. The conversion, if any, took place in Georgia.

6. The jurisdiction of the orphans' court of Barbour was first exercised, and therefore excluded every other jurisdiction. The removal of an administrator does not operate as a divestiture of jurisdiction of the subject-matter of the grant of administration.—Dorman v. Ogbourne, 16 Ala. 764; Taliaferro v. Manning, 3 ib. 675; Dakin v. Hudson, 6 Conn. 224; Seymour v. Seymour, 4 Johns. Ch. 210.

7. Independently of the question of the first exercise of jurisdiction, there was no authority in the Russell court to appoint an administrator in 1839. At common law, administration can only be granted of the personal estate; and there was no personal estate of the deceased, in Alabama, in 1839. Under the act of 1806 (Clay's Digest, 301, § 22), the right to grant letters, in the case of non-residents, was confined to the county in which the estate (personal) was situated; and the act of 1821 extended the jurisdiction to the case where lands devised lay in the county.

8. If administration be granted by a court not having rightful authority, the grant is generally void.—3 B. & C. 491; 1 Saund. 275; N. C. Rep. 105; 5 Iredell, 273; 5 B. & C. 491; 8 D. & R. 247; 1 Chitty's Pl. 489; 2 Greenl. Ev. § 340; Miller v. Jones, at January term, 1855.

9. The possession by the administratrix was not conclusive to prove a conversion by her intestate.

L. E. PARSONS, *contra*, contended,—

1. That the secondary evidence of the grant of letters of administration to James H. Shorter was properly excluded, because a sufficient predicate was not first laid for its introduction.—1 Greenl. on Evidence, 98; Scott v. Clair, 3 Campbell, 236; Jenner v. Joliffe, 6 Johns. 11; Canal Co. v. Hathaway, 8 Wend. 486; Hanbuck v. Baker, 10 Johns. 248; 2 Blackf. 243; 2 Saunders on Pl. & Ev. 783.

2. But, if James H. Shorter was administrator of Eli, the proof shows that he removed the slave beyond the jurisdiction of the court which appointed him, and converted him to his own use; and he cannot be allowed to protect himself against a suit by another administrator of the estate, on the ground that he holds the property as administrator, when he has repudiated the right of his intestate.

3. There was no error in the charge given.

GOLDTHWAITE, C. J.—The writ in the present case was sued out against Elizabeth Shorter and George Hargraves, as the administrators of James H. Shorter, was executed on Elizabeth Shorter, and returned not found as to the other defendant, as to whom the suit was discontinued in the declaration, on the ground that he had not been served with process, and resided in the State of Georgia. We have repeatedly held, that, where one administrator was out of the jurisdiction of the court, and not amenable to its process, he need not be joined in the writ (Williams v. Sims, 8 Port. 579; Owen v. Brown, 2 Ala. 127; English v. Brown, 9 Ala. 504); and, in the last case cited, we held, that the discontinuance as to one on whom service was not effected, on the ground of non-residence, was the same, in effect, as if the writ had not been sued out against him. Again, in Walker v. Cuthbert,

10 Ala. 213, we held, that, although a suit was improperly discontinued as to one defendant, it would not avail another, who appeared without objection, and defended the suit. Here no plea was interposed, which would present the question of fact, nor was the objection taken upon the evidence. This being the case, the marginal entry of the clerk, in naming a party who was not before the court, has no effect whatever, it being nothing more than a clerical mistake, requiring no amendment, as it occurred only in the entry of a continuance.—Grayham v. Roberds, 7 Ala. 719; Del Barco v. Br. Bk. at Mobile, 12 Ala. 238; Savage v. Walshe, 26 Ala. 619.

In relation to the exclusion of the transcript of the record from the court of ordinary of Muscogee county, Georgia, recognizing James H. Shorter as the administrator of Eli S. Shorter, we see no error. It may be conceded that, in case of the loss or destruction of a record, secondary evidence is admissible to establish it; but here the foundation on which such evidence should be based, appears to us to be wanting. We cannot judicially know that the court of ordinary of Muscogee county, in Georgia, had authority to confer administration, or that these powers were vested in it solely. Indeed, we know nothing whatever as to its jurisdiction or powers; and, in the absence of all evidence as to these points —without any testimony showing the original action of the court in Georgia as to the grant of administration—to admit secondary evidence of such action, would be extending the rule further than is warranted either upon principle or authority.

The same reasons which we have advanced in support of the exclusion of the transcript referred to, operate to sustain the action of the court in the rejection of the affidavits. They were, at the most, nothing more than the admissions of the party, made under oath; and as the grant of administration is a judicial act, it could not be proved in the mode proposed.—Morgan v. Patrick, 7 Ala. 185.

In the charge given by the court, by which the jury were instructed that the plaintiff was entitled to recover if they believed that the slave sued for was the property of Eli S. Shorter at the time of his death, and that the defendant had

him in possession and employment at the commencement of the action, the plaintiff having been appointed administrator of Eli S. Shorter before that time,—there was error. The suit was against the defendant below in her representative capacity; the declaration charged a conversion by her intestate in his lifetime; and the effect of the charge was, that a recovery might be had against the administratrix, as such, for a conversion by her since his death. If this charge could be sustained, the consequence would be, that an estate would be liable in damages for a wrongful act committed after the death of the intestate.

For the error we have noticed, the judgment must be reversed, and the cause remanded; and as the other questions presented on the present record may not arise on another trial, we do not consider it necessary to decide them.