# Reeves *v.* The State.

*Indictment for Disturbing Women at Public Assembly.*

1. *Constitutionality of act allowing jury trial only on appeal, in prosecutions by indictment.*—The effect of the repeal, as to Butler county, of the third and fourth sections of the act of March 19, 1875, "in relation to trials for misdemeanors in Tuskaloosa and other counties therein named" (Sess. Acts, 1874-75, p. 285; Sess. Acts, 1875-76, p. 361,) being to leave that act, so far as it applies to Butler county, without any provision for a trial by jury in the County Court on indictments for misdemeanors transferred to that court from the Circuit Court, as required by the second section of the act; and the second section of the act giving to the transfer of the indictment to the County Court the effect of terminating the jurisdiction of the Circuit Court over the case, unless it is, brought back there by appeal, after a trial in the County Court; the result being that the act, so far as it applies to Butler county, provides for the transfer from the Circuit Court to the County Court of all indictments for misdemeanors, except violations of the revenue law, and for the trial by the county judge, without a jury, of cases so transferred, and that defendants in such cases can obtain a jury trial only by appeal to the Circuit Court, which can be obtained only upon the condition of entering into bond with two or more sufficient sureties (Code, § 4226)—the act is void as to Butler county, being violative of the constitional right of the accused, in all prosecutions by indictment, to "a speedy public trial by an impartial jury of the county or district in which the offense was committed." (Const. of Ala. Art. 1, § 7.).

2. *Discontinuance; waiving irregularity which could have been made ground for a discontinuance.*—Where an indictment was illegally transferred from the Circuit Court to the County Court, and the case remained there until after the lapse of several terms of the Circuit Court, the defendant, having been convicted by the county judge, acting without a jury, by appealing the case to the Circuit Court, and there pleading to the indictment, and permitting the trial to proceed to a termination, without raising the question of discontinuance, waived the irregularity, if it amounted to a ground for a discontinuance.

3. *To what witness may testify.*—On the trial of an indictment charging the defendant with willfully disturbing women at a public assembly, &c., (Code, § 4032), it is proper to permit a witness to state that "the defendant was talking mad," and that the defendant and another person "looked like they were trying to fight as I went by them with the ladies."

4. *Evidence; conclusions of witness.*—A question calling for the conclusion of a witness which the jury can draw from the facts in evidence is objectionable.

5. *Disturbing women at a public assembly by rude or indecent behavior, &c; charge to jury.*— On the trial of an indictment charging that the defendant "by rude or indecent behavior, or by profane or obscene language, willfully disturbed a woman at a public assembly, met," &c. (Code, § 4032), it is error to charge the jury that, "if defendant will-

3-96

[Reeves v. The State.]

fully engaged in a fight, knowing that there were ladies present, or where they could hear it, then this would be a willful disturbance or interruption, within the contemplation of the statute as to willfulness, if they were disturbed by it;" as the words "rude or indecent behavior;" as used in the statute, at least imply conduct which is boisterous, rough, or uncivil, or is offensive to modesty or delicacy.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case was found at the November term, 1889, of the Circuit Court of Butler county, and charged that the defendant, Robert Reeves, "by rude or indecent behavior, or by profane or indecent language, willfully disturbed a woman at a public assembly, met for instruction or recreation, against the peace and dignity of the State of Alabama." At the same term, the case was, by an order entered upon the minutes of the Circuit Court, transferred to the County Court of Butler county. At the October term, 1890, of the County Court, the defendant was tried and convicted. The defendant gave bond and appealed from that judgment to the Circuit Court. At the June term, 1891, of the Circuit Court, the defendant was tried by a jury upon issue joined upon his plea of not guilty. A judgment of conviction was rendered upon the verdict of the jury finding the defendant guilty, and the present appeal is from that judgment of the Circuit Court.

The evidence for the State, as set out in the bill of exceptions, tended to show that at a public picnic the defendant and one Boswell got into a dispute and fight near a ginhouse where ladies were dancing, and that both of them used profane language; that while the difficulty was in progress near the gate of the enclosure in which the ginhouse stood, some of the ladies, who left the ginhouse after the altercation commenced, passed by the gate. The evidence for the defendant tended to show that Boswell, who was drunk, provoked the difficulty, and that though the defendant cursed, he did so in so low a tone that the ladies could not hear him.

The bill of exceptions states: "There was evidence on the part of the defendant that what he said to Boswell at or near the gate was in a peaceable and quiet manner. In reply to this, the solicitor, in the course of the examination of one of the witnesses for the State, asked him the following question: 'Was he (the defendant) talking pleasantly or mad?' The defendant objected to the question, upon the ground that it was illegal. The court overruled the ob-

[Reeves v. The State.]

jection, and the defendant duly and legally excepted to said ruling. The witness then answered : 'He was talking mad.' The defendant moved to exclude this answer, upon the ground that the same was illegal. The court overruled the motion, and to this action of the court the defendant duly and legally excepted." On the examination of one of the witnesses for the defendant, and after the witness had testified that he saw no ladies pass while the defendant was at the gate, the defendant's counsel asked the witness the following question : "Could you have seen any ladies pass by that gate while you were out there, and Reeves and Boswell were there?" The court sustained an objection to the question interposed by the solicitor, and to this ruling the defendant duly excepted. The court, in its oral charge, instructed the jury as follows : "If the defendant willfully engaged in a fight with Boswell, knowing that there were ladies present, or where they could see or hear it, then this would be a willful disturbance or interruption within the contemplation of the statute as to willfulness, if they were disturbed by it." The defendant excepted to the giving of this portion of the oral charge. The defendant excepted to the action of the court in giving the following written charge at the instance of the State : "If the jury believe from the evidence beyond a reasonable doubt that the defendant willfully engaged in a difficulty at the gate with Boswell, and that the ladies were disturbed by it, then that would be a willful disturbance."

GAMBLE & POWELL, for appellant, cited *Collins v. State*, 88 Ala. 212 ; *Gussenheimer v. State*, 52 Ala. 313 ; *Parker v. State*, 88 Ala. 4.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—By the repeal, as to Butler county, of the third and fourth sections of the act of March 19, 1875, "in relation to trials for misdemeanors in Tuskaloosa and other counties therein named," that act, so far as it applies to Butler county, was left without any provision for a trial by jury in the County Court, on indictments for misdemeanors transferred to that court from the Circuit Court under the second section of the act.—Acts of 1874-75, p. 235 ; Acts of 1875-76, p. 361. It is provided by the second section of the act that, upon the transfer and delivery of such indictments to the County Court, "the jurisdiction of said Circuit Court shall cease, except in cases of appeals herein-

after provided for, and exclusive jurisdiction thereof shall vest in said County Court." There was no further reference to appeals in the act as it originally stood except in a proviso in the third section, "that nothing herein contained shall in any manner interfere with the right of the accused to appeal after conviction, to the Circuit Court for said county." Though this third section has been repealed, yet, in view of the saving clause of the second section, it may fairly be concluded that it was the intention of the legislature, in repealing the third and fourth sections only, to preserve the right of appeal to the Circuit Court, as explicitly referred to in the second section. But the language of the second section clearly gives to the transfer of the indictment to the County Court the effect of terminating the jurisdiction of the Circuit Court over the case, unless it is brought back there by appeal. Under this provision, the Circuit Court can not again get the indictment before itself for trial in any other way. As the act, in the condition in which it was left after the repeal of the third and fourth sections, merely confers upon the County Court concurrent jurisdiction with the Circuit Court for the trial of all misdemeanors, except violations of the revenue law of this State, and provides for the transfer from the Circuit Court, upon the day of its adjournment, of all indictments then pending and untried in said Circuit Court against persons charged with the commission of such misdemeanors, without making provisions regulating the mode of procedure and trial in cases so transferred ; we take it that the intention of the legislature was, that the trial of such cases, when transferred to the County Court, should be governed by the provisions of the general law regulating the proceedings in that court, except so far as such general law was rendered inapplicable by some provision of the special act in question.

Under the general law governing the trial of misdemeanors in the County Court, unless the defendant demands a trial by jury, the judge determines both the law and the facts, without the intervention of a jury, and awards the punishment which the character of the offense demands ; and if the defendant demands a trial by jury, no such trial is had in the County Court, but the case is sent for such trial to the next term of the Circuit or City Court having jurisdiction of the offense.—Code, §§ 4219, 4220. Now, the provision of the general law which is applicable when the defendant demands a trial by jury can not be reconciled with the requirements of the special act under consideration;

for that act expressly provides that, after the transfer of the indictment to the County Court, the jurisdiction of the Circuit Court shall cease, except in cases of appeals ; while, under the provision of the general law, section 4219 of the Code, when the defendant demands a trial by jury, there is no trial at all in the County Court, but the case goes to the Circuit or City Court for trial, without an appeal. Any mode, except by appeal, of getting an indictment back into the Circuit Court for trial, after it has been transferred therefrom to the County Court, pursuant to the provisions of the act under consideration, is in conflict with the express terms of that act. It follows, therefore, that the provision for sending a case in the County Court to the Circuit or City Court for trial, when the defendant demands a trial by jury, does not apply to indictments transferred from the Circuit Court to the County Court of Butler. The result is, that under the provisions of the act in question, the defendant can not demand a trial by jury in the County Court, but the case must be there tried by the judge alone, who determines the law and the facts, without the intervention of a jury. But there is nothing in the special act to render inapplicable the provisions of the general law giving the defendant the right of appeal to the Circuit or City Court of the county, with a trial *de novo* there before a jury, in all cases of conviction in the County Court.—Code, §§ 4226-4231. The result of the special act, after the repeal of the third and fourth sections, is that it provides for the trial by the county judge, without a jury, of cases transferred from the Circuit Court, and that the defendant in such cases can obtain a jury trial only by an appeal to the Circuit Court of Butler county, after conviction in the County Court. The question, then, is as to the validity of a statute providing for the trial of offenses prosecuted by indictment, by a judge without a jury, and allowing the defendant an opportunity for a trial by jury only upon an appeal, which he can not obtain except upon the condition of entering into bond with two or more sufficient sureties, the bond to be in such penalty as the judge who has convicted him without a jury may prescribe, and to be approved by such judge.—Code, § 4226.

In all prosecutions by indictment, the accused has the right, expressly guaranteed to him by the Constitution, to "a speedy public trial by an impartial jury of the county or district in which the offense was committed."—Cons. of Ala. Art. I, § 7. It has been held that similar constitutional provisions did not invalidate statutes authorizing a

criminal trial without a jury in the first instance, but which gave the defendant an unqualified and unfettered right of appeal, and a trial by jury in the appellate court. *Jones v. Robbins*, 8 Gray, 329 ; *State v. Beneke*, 9 Iowa, 203 ; Sedgwick on Stat. & Cons. Law (Pomeroy's Ed.), 491. In *Collins v. State*, 88 Ala. 212, it was suggested in the opinion, that the constitutional right might be practically preserved, by securing a right of appeal to a higher court, with a right of trial there by a common-law jury. It is manifest that, in many cases, the right would be a mere shadow without the substance, if conditions may be imposed upon its enjoyment with which the defendant may be powerless to comply. If the defendant, upon his conviction by a judge acting without a jury, must suffer the punishment to which he is sentenced on such conviction, unless he can give a bond with two or more sufficient sureties in such penalty as the judge who has tried him may prescribe, then his right to a trial by jury is wholly dependent upon his ability to obtain such sureties. There is no alternative of a commitment to await a new trial in the court to which the case is taken by appeal. In fact, there is no appeal unless the bond with sureties is given, but the execution of the sentence proceeds. If the right to obtain a trial by jury may be made dependent upon the ability to give a bond with sureties, after a conviction, why may not the enjoyment of the other rights enumerated in the same section of the Constitution be subject to similar conditions or restrictions? Would it be competent for the legislature to deny to the accused either of the rights to be heard by himself and counsel or either, to demand the nature and cause of the accusation, to have a copy thereof, to be confronted with the witness against him ; to have compulsory process for obtaining witnesses in his favor— except after a conviction on a trial in which either or all these rights were denied, and upon the condition that he give bond with sureties and in such penalty as the convicting magistrate may prescribe? If so, accused persons who are so unfortunate as not to be able to furnish bonds with good and sufficient sureties are practically unprotected by the Constitution against such Star Chamber proceedings. Manifestly, the provision of the Constitution can not be so construed as to admit of the possibility of such results.

We fully approve what was said by the Supreme Court of Minnesota in a case involving substantialy the same question as that now presented.—*State v. Everett*, 14 Minn. 439. This language was used in the course of the opinion in that

case : "It is contended that the defendant's constitutional right to a trial by jury was not violated, because, although he was in the first instance tried by a jury of six men, he had the right of appeal to the District Court, where it was his privilege to be tried by a jury of twelve men. If this right of appeal is so absolute, unqualified and unfettered, that it, together with the right of trial by jury, are *secured* to every man who demands an appeal, we are of opinion that the requirement of the Constitution is satisfied. But these rights must be *secured*. They must not be made to depend upon a condition with which the party prosecuted may or may not be able to comply." It was there held that this right could not be regarded as secured, when its exercise was conditional upon the defendant entering into a recognizance with one or more sureties. Under the statute there considered, as under the one now before the court, no option was left to the defendant to enter into the recognizance, or to stand committed.

The right of a defendent, charged with a misdemeanor, to a trial by jury, may be waived; and a statute authorizing his trial without a jury, when there is such a waiver, is constitutional.—*Connelly v. State*, 60 Ala. 89. But our conclusion is, that a statute which, in all cases of misdemeanors, except violations of the revenue law, cuts off the right of the accused to demand a trial by jury unless he gives a bond with sureties, is in violation of the above quoted section of the Constitution. No statute setting up such a barrier can be permitted to obstruct the free exercise of a constitutional right. It is to be noted that the constitutional provision in question applies to "prosecutions by indictment." The cases to the effect that in *ad quod damnum* proceedings a provision for a common-law jury on an appeal from a preliminary assessment of damages satisfies the requirement of the Constitution in that regard, have no bearing upon the question presented in this case; as the Constitution secures in such proceedings, on the demand of either party, the right to have the amount of the damages determined by a jury according to law, only "in all cases of appeals" from preliminary assessments by viewers or otherwise, and not in the first instance.—Constitution of Ala. Art. XIV, § 7; *Postal Teleg. Cable Co. v. Ala. Gr. So. R. Co.*, 92 Ala. 331; *Woodward Iron Co. v. Cabaniss*, 87 Ala. 328; *Montgomery So. R. Co. v. Sayre*, 72 Ala. 443.

The result of the foregoing considerations is, that, upon the repeal of the third and fourth sections of the act in question, the remaining provisions, standing by themselves,

are such that their enforcement involves an infringement of the constitutional right of the accused to demand a trial by a jury; and that, as a consequence, the act is null and void.

It follows from this conclusion, that the indictment should not have been transferred to the County Court under the provision of the void statute, but should have been retained in the Circuit Court, and finally disposed of there. It was, however, transferred to the County Court, and the defendant was there tried and convicted by the county judge, acting without a jury. It is plain that the defendant could not be held in custody under. that judgment and sentence. But this appeal is not from that proceeding. The defendant appealed to the Circuit Court, and was there convicted on a trial *de novo* before a jury. The present appeal is from the judgment of the Circuit Court. That court had undoubted jurisdiction to try the case in the first instance. Did it lose its right to try the case by the transfer of the indictment to the County Court, where it remained for several terms? It may be that a failure to keep the case on the docket of the Circuit Court, without a withdrawal and filing under the statute, and to have it regularly continued there from term to term, might be taken advantage of by the defendant as operating a discontinuance. But such an irregularity may be waived by the party entitled to take advantage of it. By appealing the case to the Circuit Court, and there pleading to the indictment, and permitting the trial to proceed to a termination, without in any way raising the question of discontinuance *vel non*, the defendant waived the irregularity, conceding that it amounted to a ground of discontinuance.—*Ex parte Hall*, 47 Ala. 675; *Warren v. State*, 19 Ark. 214; *Walker v. Cuthbert*, 10 Ala. 213; *Shorter v. Urquhart*, 28 Ala. 360; *Torrey v. Forbes*, 94 Ala. 135.

One witness was permitted to state, that the defendant "was talking mad;" another, that the defendant and Boswell "looked like they were trying to fight as I went on by them with the ladies. I saw them trying to fight, or trying to get together." These were mere statements of facts. There was no error in admitting them.— *Watkins v. State*, 89 Ala. 82; *Perry v. State*, 87, Ala. 30; *S. & N. R. Co. v. McLendon*, 63 Ala. 266.

Whether a witness who saw the difficulty between the defendant and Boswell, near the gate of the inclosure in which the gin-house was located, could have seen ladies passing by the gate while he was there, was a fact of which the jury was as competent to judge as the witness. There was no

[Banks v. The State.]

error in sustaining an objection to a question calling for the conclusion of the witness on this inquiry.—*East Tenn., Va. & Ga. R. Co. v. Watson,* 90 Ala. 41.

There was evidence tending to show that the defendant engaged in the difficulty at the gate only after he had turned back, and when Boswell had followed him, and struck at him once or twice with his knife. Though the defendant could still have avoided the difficulty, so that his engaging in it then should be regarded as willful, yet that by itself would not necessarily constitute "rude or indecent behavior," within the meaning of the statute. The disturbance authorizing a conviction must have been "by rude and indecent behavior, or by profane and obscene language."—Code, § 4032. The expression "rude or indecent behavior," as here used, at least implies conduct which is boisterous, rough or uncivil, or is offensive to modesty or delicacy. It can not fairly be said that one·is guilty of such conduct who merely strikes back at another by whom he is insulted and assaulted, in the presence or within the hearing of women, though he could have avoided a continuance of the difficulty by withdrawing from it without peril to himself. There was evidence in the case to support all the elements of the charge against the defendant. But, on the phase of the evidence above mentioned, the act of the defendant in engaging in the difficulty at the gate could not properly be characterized as "rude or indecent behavior," within the meaning of the statute. Wilfully engaging in a fight, under the circumstances mentioned, would not, by itself, render the defendant guilty of a disturbance denounced by the statute. It follows that the oral instruction of the court on this subject, and the written charge given at the instance of the State, were erroneous.

For the error in these rulings the judgment must be reversed.

Reversed and remanded.