# Hayes v. Dunn.

### Action upon a Promissory Note.

1. *Amendment of complaint; waiver of discontinuance.*—Where an action upon a promissory note is brought against several individuals as constituting a partnership and also against the partnership in its firm name, and subsequently the complaint is amended by striking out the names of all the parties defendant except the name of one of the individuals, and after such amendment the remaining party defendant consented to a continuance of the case, there is a waiver of the discontinuance caused by the amendment, and the party defendant can not subsequently have the cause dismissed by reason of such discontinuance.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

The facts of the case are sufficiently stated in the opinion.

JOHN W. TOMLINSON, for appellant.—Appellee, after said amendment was made striking out all parties defendant except one, and having consented to a continuance of the cause until the next term of the court, waived the right to move to discontinue said cause because of said amendment.—*McConnel v. Worns*, 102 Ala. 587. Appellee, after having made his motion for a discontinuance, failed to call said motion to the attention of the

[Hayes v. Dunn.]

court within thirty days and said cause, having been con·
tinued to the next term of court without said motion be-
ing called to the attention of the court, waived said m·
tion.—*Ex parte Highland Av. & Belt R. R. Co.*, 105 Ala.
221; *Hundley v. Yonge*, 69 Ala. 90; *Gunnels v. State,
Bank*, 18 Ala. 676; *Lienkauff & Strauss v. Tuscaloosa S.
& A. Co.*, 99 Ala. 619.

GEORGE A. EVANS, *contra.*—When a suit is brought on
a joint or joints and several contract against two or more
defendants all of whom are served with process, an
amendment of the complaint striking out the name of
one of the defendants operates as a discontinuance of the
entire action.—*Jones v. Englehardt*, 78 Ala. 506; *Rey-
nolds v. Simpkins*, 67 Ala. 380; *Kendal v. Lassiter*, 68
Ala. 182.

HARALSON, J.—The complaint filed on the 6th of
February, 1894, shows the action to be on a promissory
note by defendants to plaintiff for $2,500. The style of
the case in the caption of the complaint is, "Clarke
Hayes, plaintiff, v. Thos. H. Dunn, Fred C. Dunn, Ev-
ans J. Dunn, and Lloyd O. Gold, as partners, doing busi-
ness under the firm name and style of Dunn Bros. & Co.,
and Dunn Brothers, and Dunn Brothers & Co., and Thos.
H. Dunn, Fred C. Dunn, Evans J. Dunn, partners doing
business under the firm name and style [of] Dunn Broth-
ers, defendants." The style of the case as employed else-
where in the proceedings is substantially the same. It
thus appears that the two firms, as well as the individu-
als named are parties defendant.

Process was duly served on the firms of Dunn Broth-
ers and on Dunn Brothers & Co., and on E. J. Dunn and
F. C. Dunn. Thos. H. Dunn and L. O. Gold were re-
turned not found.

F. C. Dunn and Dunn Brothers & Co. pleaded *non est
factum.*

E. J. Dunn and Dunn Brothers filed joint pleas of the
general issue, material alteration of the note, and set off,

In this state of the case, by leave of the court, the plaintiff, on the 10th of February, 1898, filed an amended complaint, striking out the names of all the parties defendant except E. J. Dunn, and by substituting in lieu of the original complaint, a complaint on the same promissory note, against E. J. Dunn alone. At the time this amendment was made, all the defendants were parties except Thos. H. Dunn and L. O. Gold, who were not served, and the pleas filed by the other defendants had not been acted on.

On the 2d of June, 1898, as the record shows, the parties came by their attorneys and upon their motion, it was ordered by the court that the cause be continued until the next term of the court.

On the 11th of January, 1899, as is again recited in the record, the parties came and upon their motion and by consent, it was ordered that the cause be continued until the succeeding term.

On the 1st day of December, 1899, the defendant E. J. Dunn moved the court to enter a discontinuance of the cause on grounds, substantially, that suit had been brought against parties defendant who had been served, and it had been discontinued as to all of them except himself.

On the 14th January, 1901, the cause having been regularly reached for trial, and no one appearing to prosecute the same, it was by the court dismissed for the want of prosecution. On the 25th of the same month, the plaintiff, for grounds set out in his motion, moved the court to reinstate the cause on the docket, and the motion having been continued until the 17th of June, 1901, said motion was granted and the cause reinstated. On the same day, the defendant renewed his motion to dismiss the cause, because the same had been discontinued by the plaintiff by an amendment of his complaint striking out all the defendants except himself. This motion, as is shown by the record, was heard and after consideration granted, and the cause was dismissed out of court. The granting of this motion is the error assigned by the appellant.

[Hayes v. Dunn.]

The right to insist that a cause has been discontinued may be waived, as by an appearance, or any act on the part of defendant treating the cause as still pending in court.—6 Ency. Pl. & Pr. 965.

A discontinuance, as has been held, is a *gap or chasm* in the proceedings, occurring while the suit is pending, and the continued appearance of the defendant, and the continuance of the cause, without objection on his part, is a waiver of the discontinuance, and he loses the benefit of it. The advantage must be claimed by the party who desires to avail himself of it, at the earliest period.—*Ex parte Hall*, 47 Ala. 675; *Torrey v. Forbes*, 94 Ala. 140; *Reeves v. State*, 96 Ala. 33; *Shorter v. Urquhart*, 28 Ala. 360.

In this case, as has appeared, the plaintiff did an act, which, according to the contention of defendant, amounted to a discontinuance of the suit,—by striking out the names of all the parties defendant, except the defendant, E. J. Dunn. But, not until the 1st of December, 1899, did he claim or take any steps to have the cause discontinued on this account. Moreover, on the 2d of June, 1898, and again on the 11th January, 1899, he appeared with the plaintiff and consented to a continuance of the cause to the next term of the court, ensuing after those dates respectively. By his failure to avail himself promptly of the alleged discontinuance, and his appearance and consenting to continuances of the cause after he might have claimed it, if the cause had been discontinued, as claimed by him, he waived, and could not afterwards claim it. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.