(78 South. 854)

MURPHREE INS. AGENCY v. PINNING-
TON. (8 Div. 114.)

(Supreme Court of Alabama.   May 9, 1918.)

1. INSURANCE ☞188(1)—ACTION BY AGENT—
   PREMIUM.
   An agent of an insurance company cannot sue in its own name for a sum "due * * * as premium on a policy of insurance sold by the plaintiff to defendant."

2. MONEY PAID ☞8—COMPLAINT.
   A complaint for "money paid" is insufficient, unless it is shown that the money was paid for defendant, at defendant's request, express or implied, or that payment was subsequently ratified so as to impose liability.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Assumpsit by the Murphree Insurance Agency against William Pinnington.  Judgment for defendant, and plaintiff appealed.  Transferred from the Court of Appeals under Acts 1911, p. 449, § 6.  Affirmed.

Taylor & Watts, of Huntsville, for appellant.  R. E. Smith, of Huntsville, for appellee.

McCLELLAN, J.  Assumpsit by appellant against appellee; judgment for the defendant, appellee.

[1] There are three counts in the complaint, viz. the first, on an account; the second, on an account stated; and the third is for a sum "due from the defendant to the plaintiff as premium on a policy of insurance sold by the plaintiff to the defendant" on or about a date named.  There was no evidence whatsoever to sustain the third count.  The promise to pay the premium was to the insurance company, not to the agent, the plaintiff, who sold the policy.  The plaintiff was hence without right to a recovery under the third count.

[2] In the brief for appellant (plaintiff) it is made very plain that the plaintiff's theory of defendant's liability was and still is that commonly described in the common count for "money paid."  10 Mich. Ala. Dig. pp. 59–61; 27 Cyc. 832; 8 Ency. of Evi. p. 623 et seq.; Gayle v. Johnston, 72 Ala. 254, 257, 258, 47 Am. Rep. 405; Caruthers v. Mardis, 3 Ala. 599; Beard v. Horton, 86 Ala. 202, 204, 205, 5 South. 207; Wharton v. Franks, 9 Port. 232, 235; 1 Enc. L. & P. pp. 681, 682, 688, 689, et seq.; 2 Ency. Pl. & Pr. p. 989; 14 Ency. Pl. & Pr. p. 48.  It is sufficient to say in justification of the action of the trial court in giving the general affirmative charge at the request of the defendant that there was in the complaint no count declaring as for money paid, by the plaintiff to the insurance company for the defendant, at defendant's request, express or implied, or a payment that was subsequently ratified in such sort as to impose liability on the defendant.  Aside from the third count, the complaint only contained the counts as upon an account and an account stated, neither of which were serviceable to invite or support a recovery as for money paid.

The judgment is affirmed.

Affirmed.  All the Justices concur.