117 So.2d 789

R. B. WHATLEY

v.

JOHNSON–RAST & HAYS, INC.

6 Div. 737.

Court of Appeals of Alabama.

Feb. 2, 1960.

Jas. H. Bradford, Birmingham, for appellant.

J. Rush Lester, Birmingham, for appellee.

HARWOOD, Presiding Judge.

In the suit below Johnson-Rast and Hays claimed of R. B. Whatley $761.71

duc by account. The complaint was in one count—the common count for account.

A plea of in short by consent, etc., was filed, and issue thus joined.

Mr. Hays, President of the plaintiff company testified that it was engaged in operating a general insurance agency in the City of Birmingham.

The defendant had procured policies for two previous years through the plaintiff agency.

According to Mr. Hays, he suggested to the defendant that his coverage be increased, and defendant thereupon requested the issuance of two policies, one for workmen's compensation and one for automobile liability covering some five vehicles operated by the defendant.

Mr. Hays further testified the policies were issued by the Travelers Insurance Company and the Travelers Indemnity Company. "They are the only company in my office to my knowledge that issues its own policies. We complete an application on inquiry from the client. We handle the transaction on the telephone with the company underwriter, and they execute the issuance of the policy."

Mr. Hays testified he picked up the two policies from the Travelers office in Birmingham, and about a month later they were mailed postage prepaid to the defendant at his address in Trussville.

The premiums on the two policies amounted to $761.71, and the defendant was repeatedly billed by mail therefor.

As to the two prior policies, Mr. Hays testified that the premiums were financed by the First National Bank, Trussville Branch, and that "Upon executing a note and delivering it to the bank by the insured, the bank remitted to me a check for the balance in full."

As to the present policy, Mr. Hays testified: "I advised Mr. Whatley at the time of the delivery of the policy that it was unnecessary to finance the premium through the bank, that it would be satisfactory to pay me one-sixth per month, and save himself that interest."

The defendant's evidence was directed toward showing that he had never requested, nor authorized, the procurement of the policies, and the defendant denied he had ever received the policies, or any bills therefor.

The jury found in favor of the plaintiff, and assessed damages at $894.03.

Judgment was entered pursuant to the verdict, and the defendant perfected his appeal to this court.

Among appellant's assignments of error are several pertaining to the action of the court in denying his written requested charges which were affirmative in nature.

■ We have carefully examined the evidence presented below, and have not found a scintilla tending to show that Johnson-Rast and Hays, Inc., ever paid the premiums on the last policy to the Travelers, or that they were liable for such payment.

In Murphree Ins. Agency v. Pinnington, 201 Ala. 500, 78 So. 854, suit was for insurance premiums by an agent. The complaint contained three counts, the first for account, the second for account stated, and the third for a sum "due from the defendant to the plaintiff as premiums on a policy of insurance sold by the plaintiff to the defendant" on a date named.

The lower court gave the general affirmative charge at the request of the defendant. In approving this action, our Supreme Court wrote:

"\* \* \* The promise to pay the premium was to the insurance company, not to the agent, the plaintiff, who sold the policy. The plaintiff was hence without right to a recovery under the third count.

"In the brief for appellant (plaintiff) it is made very plain that the plaintiff's theory of defendant's liability was and still is that commonly described in the common count for 'money paid.' * * It is sufficient to say in justification of the action of the trial court in giving the general affirmative charge at the request of the defendant that there was in the complaint no count declaring as for money paid, by the plaintiff to the insurance company for the defendant, at defendant's request, express or implied, or a payment that was subsequently ratified in such sort as to impose liability on the defendant. Aside from the third count, the complaint only contained the counts as upon an account and an account stated, neither of which were serviceable to invite or support a recovery as for money paid."

■ The doctrine of the above case is but a reflection of the apparently well settled principle that ordinarily an insurance agent or broker cannot maintain a suit in his own name against an insured for premiums owing, unless the agent has paid the premiums to the insurer, or has become personally liable therefor. See, Appleman, Insurance Law and Practice, Vol. 20, Sec. 11271, and cases cited in support thereof; see also, 44 C.J.S. Insurance § 358(e), p. 1339, to same effect.

The reason for this doctrine is, we believe, to be found in Cortis v. Van Derveer, Sup., 91 N.Y.S. 743, wherein it is stated:

"Even if we assume, without deciding, that defendant became personally bound to pay the premiums, and that the contract of insurance was valid and enforceable, no right of action is shown in plaintiffs. They were merely brokers acting as agents for some foreign insurance companies. The premiums constituted the consideration for the contract of insurance. That contract was between the foreign insurance companies and the railway company, and the premiums became due, not to the brokers, but to the companies who became the insurers. Whatever claim there is consists of the claim of these insurers against the insured (and perhaps also against defendant) for the premiums. The plaintiffs were not the insurers, and had no claim as such to the premiums. The case entirely fails to show that they have acquired any right from the insurers to collect them."

It is our opinion that the above principles necessitate a conclusion that the lower court erred in refusing the appellant's requested written charges which were affirmative in nature.

■ Counsel for appellee in no wise denies the above principles, but would avoid a reversal of the judgment by the invocation of Circuit Court Rule 35, Code 1940, Tit. 7 Appendix, which rule provides that the trial court will not be put in error whenever the general charge is requested, predicated upon a failure of proof as to time, venue, or any other point not involving a substantive right of recovery or defense, or because of some immaterial omission in the evidence of the plaintiff or defendant.

"Substantive" means "an essential part" or "constituent" or "relating to what is essential," Stewart-Warner Corporation v. Le Vally, D.C., 15 F.Supp. 571, 576.

■ We do not consider the failure of the plaintiff to prove that it had paid the insurer the premiums, or had become liable to the insurer therefor, to be either immaterial or non-substantive. Such proof was essential to the plaintiff's right of recovery. Rule 35, supra, cannot, under these conditions be applied.

Reversed and remanded.