# Woodward Iron Co. *v.* Cabaniss.

*Application for Prohibition, or Mandamus, to Probate Judge, in matter of Statutory Proceedings for Condemnation of Right of Way by Railroad Corporation.*

1. *Trial by jury, under constitutional provisions.*—A lawful jury, as the term is used in constitutional provisions, means a jury of twelve

[Woodward Iron Co. v. Cabaniss.].

men, according to the principles of the common law; and a jury consisting of a less number, under statutory provisions, is not a lawful jury, unless an appeal is given to a higher court, where a jury of twelve men may be impanelled on demand.

2. *Statutory proceedings for condemnation of right of way; appeal, and trial by jury.*—Under statutory provisions authorizing the condemnation of a right of way by railroad corporations (Code, § 3210; Sess. Acts 1888-9, p. 112), the jury of appraisers may consist of only six men, and no appeal is given to a court of which a trial by jury is a constituent part; yet, under the general statute regulating appeals from the Probate Court (Code, § 3640), construed in connection with the constitutional provision which secures an appeal from "any preliminary assessment of damages," and gives a right of trial by jury, "as to the amount of damages, in all cases of appeal," an appeal lies from the Probate to the Circuit Court, and a jury of twelve men may be there impanelled to assess the damages.

3. *Same; when prohibition or mandamus lies.*—Since an appeal lies from the Probate Court to the Circuit Court, in the matter of proceedings for the condemnation of a right of way at the suit of a railroad company, a writ of prohibition or *mandamus* from the Circuit Court will not be awarded to prevent further proceedings.

APPEAL from the Circuit Court of Jefferson.

Heard before the Hon. JAMES B. HEAD.

In the matter of the petition of the Woodward Iron Company, a private corporation, addressed to the presiding judge of said circuit, for a writ of prohibition, *mandamus*, or other appropriate process, directed to Hon. E. H. CABANISS, presiding as special judge of probate in and for said county of Jefferson, "restraining and prohibiting him from further proceedings" in the matter of a petition filed by the Birmingham, Powderly & Bessemer Street Railroad Company, another corporation organized under the general statutes, by which the latter corporation attempted to condemn and acquire a right of way over and through the lands of the petitioner. The circuit judge sustained a demurrer to the petition, and dismissed it; and his judgment is here assigned as error.

WEBB & TILLMAN, for appellant.

CHAS. B. POWELL, *contra.*

SOMERVILLE, J.—The application is for a writ of prohibition, *mandamus*, or other appropriate writ, directed to the appellee, sitting as special judge for the trial of an *ad quod damnum* proceeding pending in the Probate Court of Jefferson county, and seeking to restrain him from further proceeding in the cause.

The ground upon which the petition rests is the alleged

[Woodward Iron Co. v. Cabaniss.]

unconstitutionality of the present statute providing for the condemnation of lands for public uses.—Code of 1886, §§ 3207-3220. The particular objection urged is, that the statute fails to provide for the right of trial by jury, on appeal from the preliminary assessment of damages made by the award of viewers, or commissioners; and that for this reason it offends section 7 of Article XIV of the Constitution. This section, after providing that all corporations and individuals, invested with the right of eminent domain, shall first make just compensation for the property taken, injured or destroyed by the construction or enlargement of their works, highways, or improvements, declares: "The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals, made by viewers or otherwise; and *the amount of such damages, in all cases of appeal, shall, on demand of either party, be determined by a jury according to law.*"—Const., 1875, Art. XIV, sec. 7.

We concede, for the sake of argument, that the remedy here invoked would be appropriate, if this contention is correct. We are inclined, also, to the view of appellants' counsel, that section 3210 of the present Code, as amended by the act approved February 28th, 1889 (Acts 1888-89, p. 112), contemplates nothing more than a preliminary assessment, and not a final trial by a lawful jury. That section, as amended, authorizes a jury of as few as six jurors. A lawful jury, within the meaning of the Constitution, means a jury of twelve men, according to the usages of the common law. We shall also consider this contention well taken.

In this aspect of the case, we hold that the right of appeal to the Circuit Court was secured to the appellant, by section 3640 of the present Code. And on the authority of *Montgomery So. Railway Co. v. Sayre*, 72 Ala. 443, the constitutional provision invoked was so far self-executing as to entitle the appellant to demand a trial by jury in that court, to determine the amount of damages assessed. The statutes construed in that case, giving the right of appeal, do not essentially differ from those embodied in the present Code; and while the correctness of the decision is not entirely free from doubt, the court is unanimous in the opinion that it should be followed, and it is conclusive of the present case.

The petition was properly dismissed, and the judgment is affirmed.