[Postal Tel. Cable Co. v. Ala. Great Southern R. R. Co.]

# Postal Telegraph Cable Co. *v.* Ala. Great Southern Railroad Co.

*Statutory Proceeding for Condemnation of Right of Way by Corporation.*

| | |
|---|---|
| 92 | 331 |
| 94 | 447 |
| 94 | 495 |
| 92 | 331 |
| 96 | 39 |
| 96 | 579 |
| 92 | 331 |
| 101 | 332 |
| 92 | 331 |
| 108 | 161 |
| 92 | 331 |
| 125 | 117 |
| 92 | 331 |
| f128 | 117 |
| 128 | 118 |
| 128 | 119 |
| 92 | 331 |
| 130 | 670 |

1. *Appeal.*—Under statutory provisions regulating proceedings for the condemnation of a right of way by corporation (Code, §§ 3207–20; Sess. Acts, 1888–9, p. 112), and the judicial construction which has been placed upon them (72 Ala. 443; 87 Ala. 328), the assessment of damages by a jury of six men is preliminary only, and either party has a right of appeal to the Circuit Court under the general statute (Code, § 3640); and this necessarily destroys the right of appeal from the Probate Court to the Supreme Court, given by the special statute (§ 3215).

APPEAL from the Probate Court of Sumter.

Heard before the Hon. W. R. DELOACH.

In the matter of proceedings instituted by the Postal Telegraph Cable Company, a private corporation, by petition seeking to condemn for its own use and purposes a part of the right of way of the Alabama Great Southern Railroad Company. A jury of six men was summoned and impanelled, to whom the question of damages was submitted, and who returned a verdict assessing the defendant's damages at $4,760; and the court thereupon rendered judgment, condemning the right of way as prayed in the petition, on payment of the damages assessed by the jury, with the costs. On the trial before the jury, numerous exceptions were reserved by the petitioner to the rulings of the court on questions of evidence; and these rulings are here assigned as error. The appellee submitted a motion to dismiss the appeal, on the ground that it ought to have been taken to the Circuit Court.

J. J. ALTMAN, for the motion.

McINTOSH, WILLIAMS & RUSSELL, *contra.*

McCLELLAN, J.—Article II, Chapter 15 (§§ 3207–3220) of the present Code was intended to provide, and did provide, for a complete proceeding by which lands might be condemned to public uses, from the initiation thereof by application to the probate court of the county in which the land, or a mate-

rial portion thereof, proposed to be condemned is situated, to a final determination, if need be, on appeal to this court. Section 3210 provides for the summoning, impanelling, and assessment of damages by, a common-law jury of twelve men, in recognition of the right secured to the parties by the organic law to a jury of that number. Section 3215 relates to the hearing and trial invoked by the application, and for a review of the rulings of the presiding judge therein by the Supreme Court; the provision in this latter respect being that, " on the trial and hearing either party may, by bill of exceptions, reserve any charge, opinion or decision of the court, as in cases in which bills of exceptions are allowed in civil cases in courts of common law; and either party is entitled to an appeal to the Supreme Court from the order of the court within three months from the making thereof." The General Assembly, by an act approved February 28, 1889, amended section 3210, so as to provide for a jury of six men only, thus marring the system established by the article referred to, and rendering it impotent, by the scope and force of its own provisions, to afford a complete and perfect remedy for the condemnation of lands, in that no jury, within the sense of constitutional guarantees, is now secured to the parties by its terms. After this amendment, the case•of *The Woodward Iron Co. v. Cabaniss*, (87 Ala. 328,) presented for consideration the question, whether these provisions of the Code, as changed by said act of 1889, were not violative of Art. 15, § 7 of the Constitution, which entitles either party, on demand, to have the damages "determined by a jury according to law." This court said: . . . " We are inclined, also, to the view of appellant's counsel, that section 3210 of the present Code, as amended by the act approved February 28, 1889, contemplates nothing more than a preliminary assessment, and not a final trial by a lawful jury. That section, as amended, authorizes a jury of as few as six jurors. A lawful jury, within the meaning of the Constitution, means a jury of twelve men, according to the usages of the common law." The inevitable conclusion from these considerations was, that the system for condemnation of land for public uses provided by this article of the Code and the statute amendatory thereof, was, in and of itself, unconstitutional for the lack of a provision whereby a jury trial might be had. It had been ruled in *Montgomery & Southern Rwy. Co. v. Sayre*, (72 Ala. 443,) however, that an infirmity of this kind would be relieved if the law—either the particular enactment providing for *ad quod damnum* proceedings, or any other statute obtaining in the premises— authorized or admitted of a jury trial being reached on appeal

from the preliminary assessment of damages in the probate court. Invoking the aid of that principle, it was held in *Woodward Iron Co. v. Cabaniss, supra,* that section 3640 of the Code secured to the parties the right of appeal to the Circuit Court, in which they could have the damages assessed by a jury as guaranteed to them by the organic law, and hence that the provisions of Article II, as amended, were not, when considered in connection with section 3640 of the Code, violative of the Constitution. The effect of this decision was to make the section last referred to, for all practical purposes, as much a part of the Article in question as if it had been bodily incorporated therein. Not only so, but all other provisions relating to the time, manner, &c., of taking an appeal under section 3640 practically become integral parts of the system for the condemnation of lands, including, of course, section 3619, which prescribes that an appeal under section 3640 must be taken within one year from the rendition of the judgment or decree. We have then two separate and distinct and wholly different provisions as to appeals from the preliminary assessment of damages in *ad quod damnum* proceedings. In one, the appeal is on bill of exceptions, for the correction of errors of law. In the other, the appeal is on the merits, and for a trial *de novo.* The one is to this court. The other is to the circuit court. The former affords no opportunity for a jury trial, and if it stood alone, the whole system would be, for this reason, unconstitutional and void. The latter secures to the parties this constitutional right, and of its own force saves the system from invalidity on this account. In the first, the appeal may be taken at any time within three months from the order of condemnation. By the terms of the last, the appeal may be prosecuted at any time within a year. The present appeal is taken by the movant on a bill of exceptions directly from the probate to this court. The motion made by appellee to dismiss the appeal raises the question whether both the provisions to which we have referred can stand. If either must fall, it must be that one which undertakes to authorize an appeal to this court, since that the other is of force in this class of cases is *stare decisis,* and since the whole system would come under the ban of the Constitution, if the right to appeal to the circuit court should be denied. So that the real question is, whether the statutory provision which undertakes to give a right to come here on bill of exceptions is not so inconsistent with the constitutional right effectuated by section 3640 as to be nugatory. It is too clear to admit of much discussion that both rights can not be enjoyed at one and the same time, or even at any time

in the same case. Of course, one party could not take two appeals—one to the circuit court and the other to this court. No more could one party come here and the other go to the circuit court. If that were allowable, there would be no end to the anomalies which might arise, not to speak of the striking anomaly in the first instance resulting from two appeals from one judgment to different courts. The judgment in such case might be affirmed, or repeated, in the circuit court and reversed and remanded here, or *vice versa*. Not only so, but one and the same judgment might be brought here directly from the probate court and also indirectly through the circuit court from the court of probate, and be affirmed on one appeal and reversed on the other. But a reference to these absurd possibilities is not needed to demonstrate—what counsel do not controvert—that no judgment can be twice appealed from, since the first appeal taken removes it out of the court rendering it, and into the court whose supervisory powers are invoked. Only one appeal, it is admitted, can be taken. But it is insisted that either party has an election in the first instance to appeal to this court or to the circuit court. The result of this proposition necessarily is, that either party may defeat the constitutional right of the other to have the damages assessed by a jury, by the exercise of more diligence than the statute requires in perfecting an appeal to this court. This would be to put it in the power of the party who should be fleetest in the race in all cases to destroy the right secured by the organic law, and this too with respect to a matter in which the right can not be made to depend upon diligence except such as brings the party within the time allowed for the taking of the appeal. It might well be that the judgment of the probate court involved no semblance of error of law, but much ground for dissatisfaction on one side with the verdict of the preliminary jury. In such case, on a *pro forma* exception, his adversary, for no other purpose than to destroy the right to have a jury of twelve men pass on the question of damages, with no expectation or desire for a reversal of the judgment for error of law, might take a bill of exceptions, and on it prosecute an appeal to this court and thereby as effectively defeat and deny the organic right as if no attempt had been made in the statute to conserve it. It is no answer to say that the party desiring to go to a jury may do so by asserting his right to that end before his adversary moves the judgment into this court. The law does not contemplate such a scramble as this might well lead to in all cases. A right given without reasonable time for its exercise is essentially a right denied. A time prescribed, which is to be tolled by the

unfettered discretion of the adverse party, and may be terminated by him upon the instant it begins to run, is not a reasonable time within which to assert a right. This right is guaranteed by the Constitution. The statute intended to effectuate it prescribes one year as the period within which it may be exercised. Can it be said to be secured to the parties in a constitutional sense when by virtue of another statute it is forever lost, and this without any fault or *laches* on the part of him who desires to avail himself of it, unless it is claimed within a time—a minute or a moment it may be—in which its assertion is practically impossible? Can it be said that a statute which arms one party with the power to absolutely defeat and destroy a constitutional right secured to his adversary by another statute is a constitutional exercise of the legislative power? We think not. Such statute is, in our opinion, as essentially violative of organic law as if it had undertaken in terms to prohibit the assertion of the constitutional right. Section 3215 of the Code, taken in connection with section 3210, as amended, and sections 3619 and 3640, and considered in the light of the rulings of this court in *Woodward Iron Co. v. Cabaniss, supra*, is just such a statute in so far as it attempts to authorize an appeal to this court from the judgment of the probate court in a proceeding for the condemnation of land to public uses. We are constrained to the conclusion that that provision is unconstitutional. It is the only warrant for this appeal. With it, the appeal must fall; and the motion to dismiss the appeal is sustained.

Appeal dismissed.