[Memphis & Charleston R. R. Co. *et al.* v. Hopkins, Receiver.]

# Memphis & Charleston R. R. Co. *et al.* v. Hopkins, Receiver.

1. § *1582 of Code of 1886 as amended by the Act of Dec. 12, 1892. construed. Direct appeal from Probate Court to Supreme Court. Jurisdiction of Supreme Court. Dismissal of appeal ex mero motu.*—Under § 1582 of Code of 1886 as amended by the Act of Dec. 12, 1892, (Acts 1892-3 page 93), the Supreme Court has no jurisdiction to entertain a direct appeal from the Probate court on condemnation proceedings; and will *ex mero motu* dismiss the appeal.

APPEAL from Probate Court of Colbert.
TRIED before Hon. FOX DELJANEY.

HUMES, SHEFFEY & SPEAKE, for appellants.

SIMPSON & JONES, *contra.*

HARALSON, J.—The constitution of this State, Art. XIV, Sec. 21, provides, that "Every railroad company shall have the right with its road, to intersect, connect with, or cross any other railroad &c." To carry that provision into effect, section 1582 (1842) of the Code was adopted substantially, as far back as the year, 1876. Acts 1875-6, p. 249, § 15. This section was declared unconstitutional by this court, on the ground, that it did not provide for an appeal from the assessment of damages by the arbitrators.—*M. & C. R. R. Co. v. B. S. & T. R. R. Co.* 96 Ala. 571. This left the section of the constitution, above referred to, providing for the intersection or crossing of one railroad by an other, without any special legislation for carrying it into effect. There were other provisions of the Code (Ch. 15, Art. 2, Title 2, Part 3, p. 698), having specific reference to the condemnation of lands for public use, in which the constitutional defects in said section 1582, were supposed not to exist. And, the Legislature, at its session of 1892-3, (Acts of this year. p. 93) amended said section 1582, which had been declared unconstitutional, by declaring the authority of one railroad or street railway, to cross

or intersect another; and in the absence of an agreement between the companies, it provided that either party might proceed, in accordance with the provisions of the Code above referred to,—as amended by Act approved Feb'y 18, 1890, Acts 1890–91, p. 1131,—in respect to the condemnation of land for public uses, and have an assessment and ascertainment of the damages which might accrue to said corporation or person, by reason of said crossing or intersectien. The proceedings in the case before us, were instituted under said section 1582 of the Code, as amended by said act of 1892–3, above referred to (Acts 1892–3, p, 93). When we turn to said Act of Feb'y 18, 1890, (Acts 1890–91, p. 1131), which furnishes the only procedure provided in condemnation cases of this character, it is provided in section 4 of the Act, that "The hearing and trial provided for herein, must, in all respects, be conducted and evidence taken as in trials in civil cases at common law; on the trial and hearing either party may, by bill of exceptions, reserve any opinion or decision of the court, as in cases in which bills of exception are allowed in civil cases in courts of common law, and either party is entitled to an appeal to the Supreme Court from the order of the court within one month from the making thereof. Either party may appeal from the assessment of damages and compensation by the commissioners to the city or circuit court of the county, within thirty days after the making of the order of the commissioners, by filing in the court, rendering the judgment, a written notice of appeal &c. "The award in this case was filed in the probate court, on the 18th Dec'r, 1894, and the judgment of said court confirming the assessment of damages, and condemning the crossings, appears to have been rendered the same day. An appeal was taken to this court, in less than thirty days thereafter,—the 28th of December, 1894. The question is presented, whether this court has jurisdiction of this appeal, which was taken directly here from the probate court on bill of exceptions. In construing the statute for the condemnation of a right of way of a railroad, under which, as we have seen, this proceeding was instituted, we have, after very mature consideration, decided that no appeal lies directly to this court. It is unnecessary to repeat the reasons so amplified in the decisions on the question.

[*Ex parte* Robinson.]

—*Postal Tel. Co. v. Ala. Gr. So. R. R. Co.*, 92 Ala. 331; *Odum v. R. & J. Co.* 94 Ala. 489 : *Ala. M. R. Co. v. Newton, Ib. 447; North Ala. D. Co. v. Shoot*, 101 Ala. 333; *Woodward Iron Co. v. Cabaniss*, 87 Ala. 328; *Montgomery R. Co. v. Sayre*, 72 Ala. 443.

This appeal therefore must be dismissed, though no motion has been made, since, being without jurisdiction, no waiver thereof implied or even expressed, can confer on this court the power to hear and determine the cause.

Appeal dismissed.